IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>JOHN WEI (f/k/a WEI XIANG YONG)<br><br>Debtor. | : CHAPTER 11<br>:<br>: BANKRUPTCY NO. 23-13678<br>:<br>: |
| JOHN WEI<br><br>Plaintiff,<br>v.<br><br>SHIN DA ENTERPRISES, INC; 446-50 N. 6TH STREET, LLC; AND LIJIAN REN<br><br>Defendants. | :<br>:<br>: ADV. PRO. NO. 24-00055<br>:<br>:<br>:<br>:<br>: |

### MOTION OF THE PLAINTIFF TO QUASH THE SUBPOENAS ISSUED BY DEFENDANTS AND THE REQUEST FOR DOCUMENTS DIRECTED TO THE DEBTOR/PLAINTIFF

John Wei, the Debtor and Debtor-in-Possession (the "Debtor"), by and through his undersigned counsel, Ciardi Ciardi & Astin, hereby seeks an Order quashing the subpoenas issued by Shin Da Enterprises, Inc., 446-50 North 6th Street, LLC and Lijian Ren (collectively, "Defendants") and the Request for Production of Documents directed to the Debtor, and respectfully avers as follows:

### BACKGROUND

1. On December 4, 2023 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to chapter 11 of title 11 of the United States Code, as amended.

2. Prior to the Petition Date, on October 26, 2023, the Defendants obtained a civil judgment (the "Judgment") in the Eastern District of Pennsylvania at Case No. 2:21-cv-03384-

CFK in the amount of $5,130,482.00 against the Debtor, Jein Mei He aka Mika He ("Debtor's Wife"), UIG Construction, LLC ("UIG"), PA Ridge Associates ("PA Ridge"), Wei's Properties, Inc. ("Wei's Properties"), Redevelopment Consultant LLC ("Redevelopment Consultant"), (UIG, PA Ridge, Wei's Properties, and Redevelopment Consultant shall be referred to herein collectively as "Debtor's Entities"), G&Y Contractor Inc ("G&Y") and Ying Nan Gai[1] (collectively, the "Non-Debtor Judgment Defendants"). The Debtor appealed the Judgment.

3. The Defendant's Judgment attached a lien to the Debtor's real property and, to the extent that Debtor owned interests and/or property with his wife or any of the Debtor's Entities, Defendant also became secured to those assets as a result of the Judgment (collectively, the "Lien").

4. On or about March 28, 2024, the Debtor filed this adversary complaint to avoid the Lien obtained by Defendants pursuant to 11 U.S.C. §547 (the "Complaint").

5. Pursuant to 11 U.S.C. §547, the only two (2) issues that are relevant to this Complaint is whether or not the Lien was within ninety (90) days of the Petition Date and whether or not the Debtor was insolvent at the time of the Lien.

6. There is no question here that the Lien was within ninety (90) days of the Petition Date.

7. Additionally, the issue of insolvency is presumed within ninety (90) days of the filing of the Petition.

8. On or about May 24, 2024, the Defendants served a Request for Production of Documents on the Plaintiff in this adversary seeking 49 separate requests for documents involving requests for "all documents and correspondences" of every Entity that the Debtor has an interest

---

[1] Mr. Nan Gai and G&Y Contractor, Inc. (collectively, the ("Gai Defendants") are separate and distinct defendant from Debtor and his Entities.

and every party that every did business with the Debtor (the "Request for Production of Documents"). A true and correct copy of the Request for Production of Documents is attached hereto as Exhibit "A".

9. Additionally, on or about June 10, 2024, the Defendants served Notices of Intent to Serve Subpoena on the following non-parties:

    a. Kang & Co.

    b. DeVito & Co.

    c. Cohn Reznick

    d. Glenn Hing, Esquire

    e. The Bank of Princeton

    f. TD Bank

    g. Asian Bank

    h. Citizens Bank

    i. Parke Bank

    j. WSFS Bank

    k. American Heritage Credit Union

    l. Republic Bank

    m. Fulton Bank (formerly Prudential Bank)

    n. PNC Bank

    o. Wells Fargo Bank

    p. Victory Bank

    q. Bala Real Estate

    r. Wei Xian Feng a/k/a Ivan Wei

    s. Adam Xu

    t. TRA Insurance n/k/a HUB International

(collectively, the "Subpoenas"). True and correct copies of the Subpoenas are attached hereto as Exhibit "B".

10. The Subpoenas seek documents from non-parties regarding all interactions with the Debtor and Debtor's entities and have no relevance to the Complaint. Moreover, the Subpoenas request privileged information.

11. The Subpoenas also seek documents relating to non-Debtors. For instance, the Subpoenas seek communications by and between the parties listed above and the Debtor's wife, Mika He, without any explanation that it pertains to the Debtor.

12. Another example of the harassment intended by the Defendants, the Defendants served a subpoena on a former attorney of the Debtor, Glenn Hing, Esq. *See* Exhibit B. The Subpoena requests all communications between Mr. Hing and the Debtor. Mr. Hing has no relationship to the litigation by and between Debtor and Defendants. Moreover, the mere attempt to subpoena communications between an attorney and a client is a clear attempt to harass the Debtor.

13. The Request for Production of Documents requests more than 47 different documents and covers much of the same information requested in the Subpoenas but seeks the information directly from the non-parties.

14. Both the Request for Production of Documents and the Subpoenas are overly broad, compliance would place an undue burden on the Debtor, completely irrelevant to the Complaint and the request is intended to harass the Debtor.

15. The Subpoena is nothing more than Defendant's attempt to continue to harass the

Debtor. The Defendants and Debtor have been involved in contentious litigation since 2019.

16. The fact that the Defendants are seeking information unrelated to an avoidance action in what should be a very simple avoidance action is simply harassment against the Debtor and an attempt to by-bass the automatic stay.

17. The Debtor does not dispute that this information may be relevant to the Defendants in another matter, but seeking this information with regards to the Complaint is complete harassment. Thus, the Debtor seeks to quash the Request for Production and Subpoenas.

## RELIEF REQUESTED

18. The Request for Production of Documents and the Subpoenas must be quashed because both the Request for Production of Documents and the Subpoena are overly broad, unduly burdensome, irrelevant, serve no legitimate purpose in this Complaint and are being used solely for harassment.

19. Federal Rule of Civil Procedure 45, as made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9016, provides that "[o]n timely motion, the court . . . must quash or modify a subpoena that . . . (iv) subjects a person to undue burden." F.R.Civ.P. 45(d)(3).

20. In determining whether a subpoena imposes an undue burden on a witness, the Court will consider "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (Dist. Ct. S.D.NY 1996).

21. Moreover, Federal Rule 26(b)(1), as made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7026, limits discovery to any matter "relevant to the

claim or defense of any party", "relevant to the subject matter involved in the action" and which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevant evidence is any evidence "having any tendency to make the existence of any fact that is of consequent to the determination of the action more probable or less probable than it would without the evidence." Fed. R. Civ. P. 401.

22.     Both the Request for Production of Documents and the Subpoenas are completely irrelevant to the Complaint. Using the standard the court did in *Concord Boat Corp.*, it is clear that the Defendants are attempting to harass the Debtor. The Defendants are seeking information that is in no way related to the Debtor's avoidance action and/or the Lien.

23.     The Defendants are attempting to harass the Debtor, perform inappropriate discovery in aid of execution and cause the Debtor to incur additional administrative expenses by having to respond to this abusive discovery.

24.     The Defendants should be sanctioned in this bankruptcy case. This type of abuse cannot be tolerated in this Court.

WHEREFORE, the Debtor requests that this Honorable Court quash the Request for Production of Documents and the Subpoenas and grant any related relief.

                              **CIARDI CIARDI & ASTIN**

Dated: June 20, 2024

By:     */s/ Daniel S. Siedman*
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street,
Philadelphia, PA 19103
(215) 557-3550

Attorneys for Debtor