# KANG HAGGERTY

**Kyle Garabedian**

215.525.0867
kgarabedian@kanghaggerty.com

June 7, 2024

***Via Hand Delivery***

Wei Xian Feng a/k/a Ivan Wei
429 North 11th Street, 1st Floor
Philadelphia, PA 19107

> **Re:    *In re: John Wei f/k/a Wei Xiang Yong, Debtor***
> ***John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St., LLC, and Lijian Ren***
> **Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC**

Dear Wei Xian Feng:

Enclosed is a Subpoena to Produce Documents in connection with the above referenced matter. Please provide responses to the undersigned at Kang Haggerty LLC, 123 S. Broad St., Suite 1950, Philadelphia, Pennsylvania 19109 by June 26, 2024.

Thank you for your anticipated cooperation.

Sincerely,

*/s/ Kyle Garabedian*
Kyle Garabedian

KG/jlr
Enclosure

**KANG HAGGERTY LLC**
123 South Broad Street, Suite 1950, Philadelphia, PA  19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

3616715.1

KANG HAGGERTY LLC
By:      Edward T. Kang
         Daniel Haggerty
         Kyle Garabedian
         Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Debtor. | : |
| | |
| JOHN WEI f/k/a WEI XIANG YONG | : Chapter 11 |
| Plaintiffs | : |
| v. | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 7026, 7034, 7069, and 9016 of the Federal

Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure and any other

applicable rules or orders, you are hereby given notice that Plaintiffs, through their undersigned

counsel, intend to serve as soon as practicable a subpoena, in the form attached hereto as Exhibit

"A" on non-party **Wei Xian Feng a/k/a Ivan Wei**, for the production of documents to be produced within twenty-one (21) days of the date of service, or a date otherwise agreed upon by counsel, to the offices of Kang Haggerty, LLC, 123 S. Broad Street, Suite 1950, Philadelphia, PA 19109, or such place as may be agreed upon by counsel.

<div align="right">

**KANG HAGGERTY LLC**

By:    */s/ Kyle Garabedian*
      Edward T. Kang
      Kyle Garabedian
      Gregory H. Mathews
      *Attorneys for Plaintiffs*

</div>

Dated: June 7, 2024

KANG HAGGERTY LLC
By:     Edward T. Kang
        Daniel Haggerty
        Kyle Garabedian
        Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| | : |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| | : |
| Debtor. | : |
| | |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| | : Chapter 11 |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th | : |
| ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |
| | : |

**CERTIFICATE OF SERVICE**

I, Kyle Garabedian, hereby certify that on June 7, 2024, a true and correct copy of the

Notice of Intent to Serve Subpoena of Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian

Ren has been served via email upon the following:

3617389.1

Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Counsel for Debtor

**KANG HAGGERTY LLC**

By:  */s/ Kyle Garabedian*
   Edward T. Kang
   Kyle Garabedian
   Gregory H. Mathews
   *Attorneys for Plaintiffs*

Dated: June 7, 2024

4

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| Eastern District | District of | Pennsylvania |
| --- | --- | --- |

In re  John Wei f/k/a Wei Xiang Yong
_____
**Debtor**

Case No.  23-13678-AMC
_____

*(Complete if issued in an adversary proceeding)*

John Wei f/k/a Wei Xiang Yong
_____
**Plaintiff**

Chapter  11

v.

Shin Da Enterprises Inc., 446-50th N. 6th St, LLC, and
Lijian Ren
**Defendant**

Adv. Proc. No.  24-00055-AMC
_____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Wei Xian Feng a/k/a Ivan Wei
_____

*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109 | DATE AND TIME  6/26/2024 |
| --- | --- |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  6/7/2024
_____

| CLERK OF COURT | Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren |
| --- | --- |

OR

_____          */s/ Kyle Garabedian*
*Signature of Clerk or Deputy Clerk*          _____
                                            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren who issues or requests this subpoena, are:

Kyle Garabedian, Esq., Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109, kgarabedian@kanghaggerty.com, 215-525-5855

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

## EXHIBIT A

## DEFINITIONS

1.      "ACTION" means the above-captioned action, *In re: John Wei f/k/a Wei Xiang Yong, Debtor; John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St., LLC, and Lijian Ren,* Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC (United States Bankruptcy Court for the Eastern District of Pennsylvania).

2.      "AGENT" means any other person acting or purporting to act for and/or on behalf of such person including any director, officer, counsel, or employee thereof.

3.      "AGREEMENT" means any actual or perceived meeting of the minds, contract, arrangement, subscription, or understanding, formal or informal, oral or written, direct or indirect, tacit or express, implemented or unimplemented, successful or unsuccessful, between two or more PERSONS (as defined below).

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5.      "And/or," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form, whether oral or written, including by way of electronic means, such as e-mail, text message, SMS, SMTP, instant message, or messages exchanged on messaging applications (e.g., WhatsApp, SMS, iMessage, Skype, Signal, Microsoft Teams, Slack).

7.      "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

8.      "CREDITOR" means Shin Da Enterprises, Inc., 446-50 N. 6th Street, LLC, and Lijian Ren the plaintiff and prevailing party in the underlying action, *Shin Da Enterprises, Inc., 446-50 N. 6th St. LLC, and Lijian Ren v. Wei Xiang Yong a/k/a John Wei, Jian Mei He, UIG*

*Construction, LLC, PA Ridge Associates, Wei's Properties, Inc., Redevelopment Associates, LLC,*

*Ying Nan Gai, G&Y Contractor, Inc.*, Civil Action No. 2:21-cv-03384-CFK (U.S.D.C. E.D.Pa.).

9.      "DEBTOR" means John Wei f/k/a Wei Xiang Yong and/or any entity in which John Wei f/k/a Wei Xiang Yong has an ownership, investment, or other financial interest.

10.      "DISCUSS" and "DISCUSSING" mean in whole or in part constituting, containing, describing, or addressing the designated subject matter, regardless of the length of the treatment or detail of analysis of the subject matter, but not merely referring to the designated subject matter without elaboration. In addition, a document that "discusses" another document includes the other document itself (e.g., a document that "discusses" an agreement or contract includes the agreement or contract itself). Further, these terms include any operating or financial data about the designated subject matter where such data are separately set out as in a chart, listing, table, or graph.

11.      "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents and electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. This term shall encompass COMMUNICATIONS that are also DOCUMENTS.

12.      The terms "all DOCUMENTS" or "each and every DOCUMENT" shall mean any and all documents as above defined known to you, and every such document which can be located or discovered by reasonably diligent efforts, including copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings, or were sent to different individuals than were the originals, or where different for any reason, and all drafts prepared in connection with any writing, whether used or not. Each document shall be produced in its entirety, without abbreviation, redaction or expurgation, including all attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

13.      "ELECTRONICALLY STORED INFORMATION" or "ESI" mean the broadest

possible meaning of the term "electronically stored information" as used in Federal Rule of Civil Procedure 34.

14.    "PERSON" means any natural person or any legal entity, including, without limitation, any business, or governmental entity or association.

15.    "RELATING TO" is used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, DISCUSSING, describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

16.    "YOU" and "YOUR" means **Wei Xian Feng a/k/a Ivan Wei** along with all affiliates, partnerships, agents, representatives, and any entity owned in whole or in part.

17.    "WEI ENTITY" means any entity owned in whole or in part, by John Wei, or in which John Wei has or had any interest, including but not limited to the following:

a.    PA Ridge Associates

b.    UIG Construction, LLC

c.    Wei's Property Inc.

d.    Redevelopment Consultants, LLC

e.    Independence Press Building Master Tenant, LLC

f.    Independence Press Building MT Managing Member, LLC

g.    Independence Press Building Management Company

h.    1028 Arch LP

i.    1028 Arch GP, LLC

j.    500 Loft LLC

k.    AJ Fortune LLC

l.    Arch Development LLC

m.    1600 Hunting Park Investment LLC

n.    Hunting Park Investment LLC

o.    AJ Dynasty LLC

3

p.          AJ Fortune, LLC

q.          AJ Land LLC

r.          JP Vision LP

s.          JP Vision Investment, LLP

t.          Spring Garden Marketing & Investment LLC.

u.          1422 North 8th LLC

v.          Lancaster Pride Realty

w.          JM Investment US LP

x.          JM Capital US LP

y.          Grand Resort Hotel LLC

z.          City Hotel Group, Inc.

aa.         448 Lofts, LLC,

bb.         IP Lofts LLC

cc.         CC Loft Associates, LLC

dd.         Etown Development LLC

ee.         WWX Realty LLC

ff.         United Development LLC

gg.         UD Realty, LP

hh.         MJ Central Investment LP

ii.         Spring Holding, LLC

jj.         JI Investments, LLC

kk.         JJ Capital US, LLC

ll.         Osage Realty Investment, LLC

mm.         United Associates, LP

nn.         United Investments Group, LP

oo.         JP Vision Investment, LLC

4

3617389.1

| pp. | JD Living USA LLC |
|---|---|
| qq. | 1422 North 8th Street, LLC |
| rr. | 1020-26 Cherry Street Realty, LLC |
| ss. | 1600 West Hunting Park, LLC |
| tt. | 21 Wolf, LLC |
| uu. | 4300 Osage Associates, LLC |
| vv. | 910 Arch Realty, LLC |
| ww. | Brewerytown Investment, L.P. |
| xx. | Gree HVAC US, LLC |
| yy. | IP Realty, LLC |
| zz. | J.W. Property Investment, L.P. |
| aaa. | JD Living USA, LLC |
| bbb. | JJ Capital, LLC |
| ccc. | JM Capital US, LLC |
| ddd. | JM Investments US, LP |
| eee. | MX Century Real Estate, LLC |
| fff. | SA 500 N 10th LP |
| ggg. | WW Broad Associates |

## **INSTRUCTIONS**

1.    Unless otherwise indicated, these Requests cover any and all DOCUMENTS generated, prepared, created, sent, or received during the period from January 1, 2020 to the present (the "Relevant Time Period"). If a DOCUMENT, data, and/or ESI prepared, created, generated, sent, or received before this period is necessary for a correct or complete understanding of any information or materials covered by a Request, YOU must produce the earlier DOCUMENT, data, and/or ESI as well. If a DOCUMENT, data, or ESI is undated and the date of its preparation cannot

5

be determined, the document shall be produced if otherwise responsive to any Request.

2.     All DOCUMENTS and ESI subject to this subpoena duces tecum should be immediately preserved.

3.     YOU are requested to produce all DOCUMENTS, data, and ESI in YOUR possession, custody, or control that are described below. In doing so, please furnish DOCUMENTS, data, and ESI that are in the possession of YOU and YOUR accountants, agents, attorneys, or representatives, or that are otherwise subject to YOUR custody, care, or control by way of a demand from YOU, or otherwise.

4.     Unless otherwise indicated, the DOCUMENTS, data, and ESI to be produced include all materials generated, prepared, modified, sent, dated, or received, or those that otherwise came into existence at any time during the Relevant Time Period.

5.     In producing DOCUMENTS, data, and ESI, YOU are requested to produce a copy of each original DOCUMENT or ESI together with a copy of all non-identical copies and drafts of that DOCUMENT or ESI. If the original of any DOCUMENT or ESI cannot be located, a copy shall be provided in lieu thereof, and shall be legible and produced in the same manner as the original.

6.     Any alteration of a responsive DOCUMENT, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final DOCUMENT makes the DOCUMENT a separate and distinct DOCUMENT and it must be produced as such.

7.     Before making any DOCUMENT production, YOU shall confer with Plaintiff's counsel concerning the format and location for production.

8.     DOCUMENTS, data, and ESI not otherwise responsive to this subpoena shall be produced if such DOCUMENTS, data, or ESI mention, discuss, refer to, or explain the DOCUMENTS, data, or ESI that are called for by one or more of these subpoena requests.

9.     Whenever necessary to bring within the scope of a Request a response that might

6

otherwise be construed to be outside its scope, the following constructions should be applied:

a.      Construing the singular form of any word to include the plural and the plural form to include the singular;

b.      Construing "include," "includes," and "including" to mean "without limitation;"

c.      Construing the past tense of a verb to include the present tense and the present tense to include the past tense;

d.      Construing the term "date" to mean the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

10.    Each DOCUMENT produced must be produced in its entirety (including all attachments, appendices, enclosures, and exhibits, and any copies that are not identical to the original – whether because of notes made on, or attached to, such copy or otherwise) and without deletion or excision, regardless of whether YOU consider the entire DOCUMENT or only parts thereof to be relevant or responsive to these Requests.

11.    If YOU contend that any DOCUMENT or thing cannot be produced in full, produce it to the extent possible, indicating which DOCUMENT or portion of that DOCUMENT is being withheld and the reason it is being withheld. For any DOCUMENT withheld or redacted, in whole or in part, based on a claim of privilege or work product protection, YOU shall comply with Federal Rule of Civil Procedure 45(e)(2). Any purportedly privileged DOCUMENT that also contains non-privileged material must be produced, redacting only the specific content that is purportedly privileged. If YOU file a timely objection to any portion of a Request, Definition, or Instruction, DOCUMENTS responsive to the remaining portion are to be produced.

12.    Each DOCUMENT should be produced in the manner, form, and position in which it is kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to

7

the location of the DOCUMENTS.

13.     No part of a Request may be left unanswered, or DOCUMENTS not produced, merely because an objection is interposed as to any other part of a Request. If YOU assert an objection to any Request, YOU must nonetheless respond and produce any responsive DOCUMENTS, data, and ESI that are not subject to the stated objection. If YOU object to part of a Request, YOU must specify the portion of the Request to which YOU object, and must produce DOCUMENTS, data, and ESI responsive to the remaining parts of the Request. All objections to the production of DOCUMENTS requested herein must be made in writing and delivered to counsel of record for Plaintiff. If objection is made to any Request, the response shall state whether DOCUMENTS, data, and/or ESI are being withheld from production on the basis of such objection, and whether production of the responsive DOCUMENTS, data, and ESI will occur notwithstanding such objection. To the extent YOU object to any Request, YOU must provide specific responses (not general objections) as to what portion of the Request YOU object to and state expressly why YOU will not respond to such Request or the specific portion of the Request as to which YOU interpose an objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which YOU intend to rely in response to any motion to compel.

14.     Notwithstanding a claim that a DOCUMENT is protected from disclosure, any DOCUMENT, data, or ESI so withheld must be produced with the portion claimed to be protected and redacted.

15.     If any DOCUMENT, data, or ESI is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, YOU must identify that DOCUMENT, data, or ESI, the reason for its loss, destruction, or unavailability, the name of each PERSON known or reasonably believed by YOU to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the

8

DOCUMENT, data, or ESI.

16.     Unless otherwise stated, construe each Request independently and without reference to any other for the purpose of limitation.

17.     If, in responding to a Request, YOU claim any ambiguity in interpreting either the Request, or an applicable Definition or Instruction, such claim shall not be used as a basis for refusing to respond, but YOU shall set forth as part of YOUR response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

18.     If no DOCUMENT, data, or ESI responsive to a Request exists, please so state.

19.     All DOCUMENTS produced shall contain consecutive Bates numbers. Each production shall be submitted with a transmittal letter that includes the production volume name, encryption method/software used for that production, and the password needed to access that production.

9

## REQUESTS FOR PRODUCTION

1. All contracts, agreements, and other documentation evidencing the relationship between YOU and DEBTOR and/or any entities in which DEBTOR has any interest whatsoever.

2. All communications between YOU and DEBTOR.

3. All communications between YOU and Jian Mei He a/ka Mika He.

4. All financial statements, including but not limited to balance sheets, profit and loss statements, income statements, cash flow statements, or personal financial statements of DEBTOR in the possession of or created by YOU.

5. All financial statements, including but not limited to balance sheets, profit and loss statements, income statements, cash flow statements, or personal financial statements of any WEI Entity in the possession of or created by YOU.

6. All bank statements, financial statements, including but not limited to balance sheets, profit and loss statements, income statements, cash flow statements, City Hotel Group, Inc, 448 Lofts, LLC; or AJ Land, LLC, WW Broad Associates, or Brewerytown Investments, LLC.

7. All documents provided to YOU by DEBTOR or any WEI ENTITY or on their behalf.

8. All documents reflecting the assets or liabilities of DEBTOR or any WEI ENTITY.

9. All documents evidencing the ownership structure of City Hotel Group, Inc.

10. All documents regarding DEBTOR's or any WEI ENTITY's ownership interest in City Hotel Group, Inc.

11. All contracts, agreements, and other documentation relating to City Hotel Group, Inc.

12. All communications between YOU and DEBTOR or any WEI ENTITY regarding City Hotel Group, Inc, 448 Lofts, LLC; or AJ Land, LLC.

13. All documents related to the value and/or revenue of City Hotel Group, Inc, 448 Lofts, LLC; or AJ Land, LLC.

14. All communications referencing the value and/or revenue of City Hotel Group, Inc. 448 Lofts, LLC; or AJ Land, LLC.

15. All contracts, agreements, and other documentation between YOU and DEBTOR or any WEI ENTITY relating to Brewerytown Investment, LP.

10

3617389.1

16. All communications between YOU and DEBTOR or any WEI ENTITY regarding Brewerytown Investment, LP.

17. All documents related to the ownership interests in and value of Brewerytown Investment, LP.

18. All communications referencing the ownership interests in and value of Brewerytown Investment, LP.

19. All contracts, agreements, and other documentation between YOU and DEBTOR or any WEI ENTITY relating to WW Broad Associates.

20. All communications between YOU and DEBTOR or any WEI ENTITY regarding WW Broad Associates.

21. All documents related to the ownership interests in and value of WW Broad Associates.

22. All communications referencing the ownership interests in and value of WW Broad Associates.

11

**KANG HAGGERTY**
**Kyle Garabedian**
215.525.0867
kgarabedian@kanghaggerty.com

June 7, 2024

***Via Hand Delivery***
Parke Bank
1610 Spruce Street, #2b
Philadelphia, PA 19103

> ***Re:***     ***In re: John Wei f/k/a Wei Xiang Yong, Debtor***
> ***John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St.,***
> ***LLC, and Lijian Ren***
> ***Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC***

Dear Sir/Madam:

       Enclosed is a Subpoena to Produce Documents in connection with the above referenced matter. Please provide responses to the undersigned at Kang Haggerty LLC, 123 S. Broad St., Suite 1950, Philadelphia, Pennsylvania 19109 by June 26, 2024.

       Thank you for your anticipated cooperation.

Sincerely,

*/s/ Kyle Garabedian*
Kyle Garabedian

KG/jlr
Enclosure

**KANG HAGGERTY LLC**
123 South Broad Street, Suite 1950, Philadelphia, PA  19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

KANG HAGGERTY LLC
By:    Edward T. Kang
       Daniel Haggerty
       Kyle Garabedian
       Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Debtor. | : |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Plaintiffs | : Chapter 11 |
| v. | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 7026, 7034, 7069, and 9016 of the Federal Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure and any other applicable rules or orders, you are hereby given notice that Plaintiffs, through their undersigned counsel, intend to serve as soon as practicable a subpoena, in the form attached hereto as Exhibit

3616469.1

"A" on non-party **Parke Bank**, for the production of documents to be produced within twenty-one

(21) days of the date of service, or a date otherwise agreed upon by counsel, to the offices of Kang

Haggerty, LLC, 123 S. Broad Street, Suite 1950, Philadelphia, PA 19109, or such place as may be

agreed upon by counsel.

**KANG HAGGERTY LLC**

By:    <u>*/s/ Kyle Garabedian*</u>
        Edward T. Kang
        Daniel D. Haggerty
        Kyle Garabedian
        Gregory H. Mathews
        *Attorneys for Plaintiffs*

Dated: June 7, 2024

2

3616469.1

KANG HAGGERTY LLC
By:     Edward T. Kang
        Daniel Haggerty
        Kyle Garabedian
        Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Debtor. | : |
| | |
| JOHN WEI f/k/a WEI XIANG YONG | : Chapter 11 |
| Plaintiffs | : |
| v. | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |

**<u>CERTIFICATE OF SERVICE</u>**

I, Kyle Garabedian, hereby certify that on June 7, 2024, a true and correct copy of the
Notice of Intent to Serve Subpoena of Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian
Ren has been served via email upon the following:

Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Counsel for Debtor

**KANG HAGGERTY LLC**

By:      */s/ Kyle Garabedian*
Edward T. Kang
Daniel D. Haggerty
Kyle Garabedian
Gregory H. Mathews
*Attorneys for Plaintiffs*

Dated: June 7, 2024

3616469.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| Eastern District | District of | Pennsylvania |
|---|---|---|

In re    John Wei f/k/a Wei Xiang Yong
_____
Debtor

Case No. 23-13678-AMC
_____

*(Complete if issued in an adversary proceeding)*

John Wei f/k/a Wei Xiang Yong
_____
Plaintiff

Chapter 11
_____

v.

Shin Da Enterprises Inc., 446-50th N. 6th St, LLC, and
Lijian Ren
_____
Defendant

Adv. Proc. No. 24-00055-AMC
_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Parke Bank
_____

*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE    Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109 | DATE AND TIME |
|---|---|
| | 6/26/2024 |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6/7/2024
_____

| CLERK OF COURT | Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren |
|---|---|

OR

_____        */s/ Kyle Garabedian*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren who issues or requests this subpoena, are:

Kyle Garabedian, Esq., Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109, kgarabedian@kanghaggerty.com, 215-525-5855

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                            _____
                                                        *Server's signature*

                                            _____
                                                        *Printed name and title*

                                            _____
                                                        *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

**EXHIBIT A**

**DEFINITIONS**

1.      "ACTION" means the above-captioned action, *In re: John Wei f/k/a Wei Xiang Yong, Debtor; John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St., LLC, and Lijian Ren,* Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC (United States Bankruptcy Court for the Eastern District of Pennsylvania).

2.      "AGENT" means any other person acting or purporting to act for and/or on behalf of such person including any director, officer, counsel, or employee thereof.

3.      "AGREEMENT" means any actual or perceived meeting of the minds, contract, arrangement, subscription, or understanding, formal or informal, oral or written, direct or indirect, tacit or express, implemented or unimplemented, successful or unsuccessful, between two or more PERSONS (as defined below).

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5.      "And/or," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form, whether oral or written, including by way of electronic means, such as e-mail, text message, SMS, SMTP, instant message, or messages exchanged on messaging applications (e.g., WhatsApp, SMS, iMessage, Skype, Signal, Microsoft Teams, Slack).

7.      "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

8.      "CREDITOR" means Shin Da Enterprises, Inc., 446-50 N. 6th Street, LLC, and Lijian Ren the plaintiff and prevailing party in the underlying action, *Shin Da Enterprises, Inc., 446-50 N. 6th St. LLC, and Lijian Ren v. Wei Xiang Yong a/k/a John Wei, Jian Mei He, UIG*

*Construction, LLC, PA Ridge Associates, Wei's Properties, Inc., Redevelopment Associates, LLC,*
*Ying Nan Gai, G&Y Contractor, Inc.*, Civil Action No. 2:21-cv-03384-CFK (U.S.D.C. E.D.Pa.).

9.      "DEBTOR" means John Wei f/k/a Wei Xiang Yong and/or any entity in which
John Wei f/k/a Wei Xiang Yong has an ownership, investment, or other financial interest.

10.      "DISCUSS" and "DISCUSSING" mean in whole or in part constituting,
containing, describing, or addressing the designated subject matter, regardless of the length of the
treatment or detail of analysis of the subject matter, but not merely referring to the designated
subject matter without elaboration. In addition, a document that "discusses" another document
includes the other document itself (e.g., a document that "discusses" an agreement or contract
includes the agreement or contract itself). Further, these terms include any operating or financial
data about the designated subject matter where such data are separately set out as in a chart, listing,
table, or graph.

11.      "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and
equal in scope to the usage of the term "documents and electronically stored information" in
Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document
within the meaning of this term. This term shall encompass COMMUNICATIONS that are also
DOCUMENTS.

12.      The terms "all DOCUMENTS" or "each and every DOCUMENT" shall mean any
and all documents as above defined known to you, and every such document which can be located
or discovered by reasonably diligent efforts, including copies or duplicates of documents
contemporaneously or subsequently created that have any nonconforming notes or other markings,
or were sent to different individuals than were the originals, or where different for any reason, and
all drafts prepared in connection with any writing, whether used or not. Each document shall be
produced in its entirety, without abbreviation, redaction or expurgation, including all attachments,
appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

13.      "ELECTRONICALLY STORED INFORMATION" or "ESI" mean the broadest

2

possible meaning of the term "electronically stored information" as used in Federal Rule of Civil
Procedure 34.

14.     "PERSON" means any natural person or any legal entity, including, without
limitation, any business, or governmental entity or association.

15.     "RELATING TO" is used in the broadest possible sense and mean, in whole or in
part, addressing, analyzing, concerning, constituting, containing, commenting on, DISCUSSING,
describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

16.     "YOU" and "YOUR" means **Parke Bank** along with all affiliates, partnerships,
agents, and representatives.

17.     "WEI ENTITY" means any entity owned in whole or in part, by John Wei, or in
which John Wei has or had any interest, including but not limited to the following:

     a.  PA Ridge Associates

     b.  UIG Construction, LLC

     c.  Wei's Property Inc.

     d.  Redevelopment Consultants, LLC

     e.  Independence Press Building Master Tenant, LLC

     f.  Independence Press Building MT Managing Member, LLC

     g.  Independence Press Building Management Company

     h.  1028 Arch LP

     i.  1028 Arch GP, LLC

     j.  500 Loft LLC

     k.  AJ Fortune LLC

     l.  Arch Development LLC

     m.  1600 Hunting Park Investment LLC

     n.  Hunting Park Investment LLC

     o.  AJ Dynasty LLC

     p.  AJ Fortune, LLC

     q.  AJ Land LLC

     r.  JP Vision LP

s.   JP Vision Investment, LLP

t.   Spring Garden Marketing & Investment LLC.

u.   1422 North 8th LLC

v.   Lancaster Pride Realty

w.   JM Investment US LP

x.   JM Capital US LP

y.   Grand Resort Hotel LLC

z.   City Hotel Group, Inc.

aa.  448 Lofts, LLC

bb   IP Lofts LLC

cc.  CC Loft Associates, LLC

dd   Etown Development LLC

ee.  WWX Realty LLC

ff.  United Development LLC

gg   UD Realty, LP

hh   MJ Central Investment LP

ii.   Spring Holding, LLC

jj.   JI Investments, LLC

kk   JJ Capital US, LLC

ll.   Osage Realty Investment, LLC

mr   United Associates, LP

nn   United Investments Group, LP

oo   JP Vision Investment, LLC

pp   JD Living USA LLC

qq   1422 North 8th Street, LLC

rr.   1020-26 Cherry Street Realty, LLC

ss.  1600 West Hunting Park, LLC

tt.   21 Wolf, LLC

uu   4300 Osage Associates, LLC

vv   910 Arch Realty, LLC

wv   Brewerytown Investment, L.P.

xx   Gree HVAC US, LLC

4

yy  IP Realty, LLC

zz.  J.W. Property Investment, L.P.

aa  JD Living USA, LLC

bb  JJ Capital, LLC

cc  JM Capital US, LLC

dd  JM Investments US, LP

ee  MX Century Real Estate, LLC

fff  SA 500 N 10th LP

gg  WW Broad Associates

## **INSTRUCTIONS**

1.      Unless otherwise indicated, these Requests cover any and all DOCUMENTS generated, prepared, created, sent, or received during the period from January 1, 2020 to the present (the "Relevant Time Period"). If a DOCUMENT, data, and/or ESI prepared, created, generated, sent, or received before this period is necessary for a correct or complete understanding of any information or materials covered by a Request, YOU must produce the earlier DOCUMENT, data, and/or ESI as well. If a DOCUMENT, data, or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any Request.

2.      All DOCUMENTS and ESI subject to this subpoena duces tecum should be immediately preserved.

3.      YOU are requested to produce all DOCUMENTS, data, and ESI in YOUR possession, custody, or control that are described below. In doing so, please furnish DOCUMENTS, data, and ESI that are in the possession of YOU and YOUR accountants, agents, attorneys, or representatives, or that are otherwise subject to YOUR custody, care, or control by way of a demand from YOU, or otherwise.

4.      Unless otherwise indicated, the DOCUMENTS, data, and ESI to be produced

5

include all materials generated, prepared, modified, sent, dated, or received, or those that otherwise came into existence at any time during the Relevant Time Period.

5.      In producing DOCUMENTS, data, and ESI, YOU are requested to produce a copy of each original DOCUMENT or ESI together with a copy of all non-identical copies and drafts of that DOCUMENT or ESI. If the original of any DOCUMENT or ESI cannot be located, a copy shall be provided in lieu thereof, and shall be legible and produced in the same manner as the original.

6.      Any alteration of a responsive DOCUMENT, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final DOCUMENT makes the DOCUMENT a separate and distinct DOCUMENT and it must be produced as such.

7.      Before making any DOCUMENT production, YOU shall confer with Plaintiff's counsel concerning the format and location for production.

8.      DOCUMENTS, data, and ESI not otherwise responsive to this subpoena shall be produced if such DOCUMENTS, data, or ESI mention, discuss, refer to, or explain the DOCUMENTS, data, or ESI that are called for by one or more of these subpoena requests.

9.      Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

        a.      Construing the singular form of any word to include the plural and the plural form to include the singular;

        b.      Construing "include," "includes," and "including" to mean "without limitation;"

        c.      Construing the past tense of a verb to include the present tense and the present tense to include the past tense;

        d.      Construing the term "date" to mean the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other

events, locations, or matters.

10.    Each DOCUMENT produced must be produced in its entirety (including all attachments, appendices, enclosures, and exhibits, and any copies that are not identical to the original – whether because of notes made on, or attached to, such copy or otherwise) and without deletion or excision, regardless of whether YOU consider the entire DOCUMENT or only parts thereof to be relevant or responsive to these Requests.

11.    If YOU contend that any DOCUMENT or thing cannot be produced in full, produce it to the extent possible, indicating which DOCUMENT or portion of that DOCUMENT is being withheld and the reason it is being withheld. For any DOCUMENT withheld or redacted, in whole or in part, based on a claim of privilege or work product protection, YOU shall comply with Federal Rule of Civil Procedure 45(e)(2). Any purportedly privileged DOCUMENT that also contains non-privileged material must be produced, redacting only the specific content that is purportedly privileged. If YOU file a timely objection to any portion of a Request, Definition, or Instruction, DOCUMENTS responsive to the remaining portion are to be produced.

12.    Each DOCUMENT should be produced in the manner, form, and position in which it is kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the DOCUMENTS.

13.    No part of a Request may be left unanswered, or DOCUMENTS not produced, merely because an objection is interposed as to any other part of a Request. If YOU assert an objection to any Request, YOU must nonetheless respond and produce any responsive DOCUMENTS, data, and ESI that are not subject to the stated objection. If YOU object to part of a Request, YOU must specify the portion of the Request to which YOU object, and must produce DOCUMENTS, data, and ESI responsive to the remaining parts of the Request. All objections to the production of DOCUMENTS requested herein must be made in writing and delivered to counsel of record for Plaintiff. If objection is made to any Request, the response shall state whether

7

DOCUMENTS, data, and/or ESI are being withheld from production on the basis of such objection, and whether production of the responsive DOCUMENTS, data, and ESI will occur notwithstanding such objection. To the extent YOU object to any Request, YOU must provide specific responses (not general objections) as to what portion of the Request YOU object to and state expressly why YOU will not respond to such Request or the specific portion of the Request as to which YOU interpose an objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which YOU intend to rely in response to any motion to compel.

14.    Notwithstanding a claim that a DOCUMENT is protected from disclosure, any DOCUMENT, data, or ESI so withheld must be produced with the portion claimed to be protected and redacted.

15.    If any DOCUMENT, data, or ESI is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, YOU must identify that DOCUMENT, data, or ESI, the reason for its loss, destruction, or unavailability, the name of each PERSON known or reasonably believed by YOU to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the DOCUMENT, data, or ESI.

16.    Unless otherwise stated, construe each Request independently and without reference to any other for the purpose of limitation.

17.    If, in responding to a Request, YOU claim any ambiguity in interpreting either the Request, or an applicable Definition or Instruction, such claim shall not be used as a basis for refusing to respond, but YOU shall set forth as part of YOUR response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

18.    If no DOCUMENT, data, or ESI responsive to a Request exists, please so state.

19.    All DOCUMENTS produced shall contain consecutive Bates numbers. Each

production shall be submitted with a transmittal letter that includes the production volume name, encryption method/software used for that production, and the password needed to access that production.

## **REQUESTS FOR PRODUCTION**

1.  All contracts, agreements, and other documentation evidencing the relationship between YOU and DEBTOR and/or any entities in which DEBTOR has any interest whatsoever.

2.  All account or loan applications and supporting documentation submitted to YOU by DEBTOR and/or any WEI ENTITY.

3.  All communications between YOU and DEBTOR.

4.  All communications between YOU and Jian Mei He a/ka Mika He.

5.  All financial statements, including but not limited to balance sheets, profit and loss statements, income statements, cash flow statements, or personal financial statements of DEBTOR or any WEI Entity in the possession of or created by YOU.

6.  All documents provided to YOU by DEBTOR or any WEI ENTITY or on their behalf.

7.  All appraisals for any property currently or previously owned by DEBTOR or any WEI ENTITY.

8.  All monthly statements, including front and backs of canceled checks, of any account held by DEBTOR, Jian Me He a/k/a Mika He, any WEI ENTITY and/or any account on which DEBTOR is or was a signatory.

9.  All documents reflecting wire transfers into or out of any account held by DEBTOR, Jian Mei He a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a signatory, including origins and destinations, account numbers, financial institutions, and any other ACH documentation.

10. All documents related to account opening and account closing of any account held by DEBTOR, Jian Mei He a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a signatory.

11. All documents related to any account setoffs of any account held by DEBTOR, Jian Mei He a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a signatory.

12. All documents related to any account setoffs of any account held by DEBTOR, Jian Mei He a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a signatory.

10

13. All communications with DEBTOR, Jian Mei He a/k/a Mika He, and/or any WEI
ENTITY regarding any asset freezes of any account held by DEBTOR, Jian Mei He a/k/a
Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a
signatory.

14. All documents related to any asset freezes of any account held by DEBTOR, Jian Mei He
a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a
signatory.

15. All communications with DEBTOR, Jian Mei He a/k/a Mika He, and/or any WEI
ENTITY regarding any asset freezes of any account held by DEBTOR, Jian Mei He a/k/a
Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a
signatory.

16. All YOUR internal communications regarding any accounts held by DEBTOR, Jian Mei
He a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a
signatory.

17. All wire transfers – in or out of any account held by DEBTOR, Jian Mei He a/k/a Mika
He, any WEI ENTITY, and/or any account on which DEBTOR is or was a signatory –
with detail showing origins and destinations, account numbers, and financial institutions;
any other ACH documentation.

18. All COMMUNICATIONS with Adam Xu, Bala Real Estate, or any related entity relating
to 1028 Arch LP, or any property located at 1026-1028 Arch Street in Philadelphia.

3616469.1

# KANG HAGGERTY

**Kyle Garabedian**

215.525.0867

kgarabedian@kanghaggerty.com

June 10, 2024

***Via Hand Delivery***

Adam Xu
8 Barn Owl Court
Phoenixville, Pennsylvania 19460

> **Re:**    ***In re: John Wei f/k/a Wei Xiang Yong, Debtor***
> ***John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St.,***
> ***LLC, and Lijian Ren***
> **Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC**

Dear Mr. Xu:

Enclosed is a Subpoena to Produce Documents in connection with the above referenced matter. Please provide responses to the undersigned at Kang Haggerty LLC, 123 S. Broad St., Suite 1950, Philadelphia, Pennsylvania 19109 by June 26, 2024.

Thank you for your anticipated cooperation.

Sincerely,

*/s/ Kyle Garabedian*
Kyle Garabedian

KG/jlr
Enclosure

**KANG HAGGERTY LLC**
123 South Broad Street, Suite 1950, Philadelphia, PA  19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

3616716.1

KANG HAGGERTY LLC
By:     Edward T. Kang
        Daniel Haggerty
        Kyle Garabedian
        Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA-PHILADELPHIA DIVISION**

| | | |
|---|---|---|
| In re: | | Case No. 23-13678-AMC |
| | : | |
| JOHN WEI f/k/a WEI XIANG YONG | : | |
| | : | |
| Debtor. | : | |
| | : | |
| JOHN WEI f/k/a WEI XIANG YONG | : | Chapter 11 |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th | : | |
| ST LLC, and LIJIAN REN | : | Adv. Proc. No. 24-00055-AMC |
| | : | |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 7026, 7034, 7069, and 9016 of the Federal

Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure and any other

applicable rules or orders, you are hereby given notice that Plaintiffs, through their undersigned

counsel, intend to serve as soon as practicable a subpoena, in the form attached hereto as Exhibit

"A" on non-party **Adam Xu**, for the production of documents to be produced within twenty-one

(21) days of the date of service, or a date otherwise agreed upon by counsel, to the offices of Kang

Haggerty, LLC, 123 S. Broad Street, Suite 1950, Philadelphia, PA 19109, or such place as may be

agreed upon by counsel.

<div style="margin-left: 50%;">

**KANG HAGGERTY LLC**

By:     */s/ Kyle Garabedian*
        Edward T. Kang
        Kyle Garabedian
        Gregory H. Mathews
        *Attorneys for Plaintiffs*

</div>

Dated: June 10, 2024

2

KANG HAGGERTY LLC
By:     Edward T. Kang
        Daniel Haggerty
        Kyle Garabedian
        Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| : | |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| : | |
| Debtor. | : |
| | |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| | : Chapter 11 |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |
| | : |

**CERTIFICATE OF SERVICE**

I, Kyle Garabedian, hereby certify that on June 10, 2024, a true and correct copy of the Notice of Intent to Serve Subpoena of Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren has been served via email upon the following:

3616373.1

Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Counsel for Debtor

**KANG HAGGERTY LLC**

By:    */s/ Kyle Garabedian*
Edward T. Kang
Kyle Garabedian
Gregory H. Mathews
*Attorneys for Plaintiffs*

Dated: June 10, 2024

4

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Eastern District _____ | District of | Pennsylvania _____

In re | John Wei f/k/a Wei Xiang Yong _____
_____
Debtor

| Case No. | 23-13678-AMC _____

*(Complete if issued in an adversary proceeding)*

John Wei f/k/a Wei Xiang Yong
_____
Plaintiff

Chapter | 11 _____

v.

Shin Da Enterprises Inc., 446-50th N. 6th St, LLC, and
Lijian Ren                                    Defendant

Adv. Proc. No. | 24-00055-AMC _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Adam Xu
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| PLACE    Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109 | DATE AND TIME                                    6/26/2024 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6/10/2024
_____

CLERK OF COURT

Shin Da Enterprises Inc., 446-50 N. 6th St LLC,
and Lijian Ren

OR

_____          /s/ Kyle Garabedian
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Shin Da Enterprises Inc., 446-50 N. 6th St LLC and Lijian Ren who issues or requests this subpoena, are:

Kyle Garabedian, Esq., Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109, kgarabedian@kanghaggerty.com, 215-525-5855

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

### PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

## EXHIBIT A

## DEFINITIONS

1.      "ACTION" means the above-captioned action, *In re: John Wei f/k/a Wei Xiang Yong, Debtor; John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St., LLC, and Lijian Ren,* Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC (United States Bankruptcy Court for the Eastern District of Pennsylvania).

2.      "AGENT" means any other person acting or purporting to act for and/or on behalf of such person including any director, officer, counsel, or employee thereof.

3.      "AGREEMENT" means any actual or perceived meeting of the minds, contract, arrangement, subscription, or understanding, formal or informal, oral or written, direct or indirect, tacit or express, implemented or unimplemented, successful or unsuccessful, between two or more PERSONS (as defined below).

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5.      "And/or," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form, whether oral or written, including by way of electronic means, such as e-mail, text message, SMS, SMTP, instant message, or messages exchanged on messaging applications (e.g., WhatsApp, SMS, iMessage, Skype, Signal, Microsoft Teams, Slack).

7.      "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

8.      "CREDITOR" means Shin Da Enterprises, Inc., 446-50 N. 6th Street, LLC, and Lijian Ren the plaintiff and prevailing party in the underlying action, *Shin Da Enterprises, Inc., 446-50 N. 6th St. LLC, and Lijian Ren v. Wei Xiang Yong a/k/a John Wei, Jian Mei He, UIG*

*Construction, LLC, PA Ridge Associates, Wei's Properties, Inc., Redevelopment Associates, LLC, Ying Nan Gai, G&Y Contractor, Inc.*, Civil Action No. 2:21-cv-03384-CFK (U.S.D.C. E.D.Pa.).

9.      "DEBTOR" means John Wei f/k/a Wei Xiang Yong and/or any entity in which John Wei f/k/a Wei Xiang Yong has an ownership, investment, or other financial interest.

10.     "DISCUSS" and "DISCUSSING" mean in whole or in part constituting, containing, describing, or addressing the designated subject matter, regardless of the length of the treatment or detail of analysis of the subject matter, but not merely referring to the designated subject matter without elaboration. In addition, a document that "discusses" another document includes the other document itself (e.g., a document that "discusses" an agreement or contract includes the agreement or contract itself). Further, these terms include any operating or financial data about the designated subject matter where such data are separately set out as in a chart, listing, table, or graph.

11.     "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents and electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. This term shall encompass COMMUNICATIONS that are also DOCUMENTS.

12.     The terms "all DOCUMENTS" or "each and every DOCUMENT" shall mean any and all documents as above defined known to you, and every such document which can be located or discovered by reasonably diligent efforts, including copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings, or were sent to different individuals than were the originals, or where different for any reason, and all drafts prepared in connection with any writing, whether used or not. Each document shall be produced in its entirety, without abbreviation, redaction or expurgation, including all attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

13.     "ELECTRONICALLY STORED INFORMATION" or "ESI" mean the broadest

2

possible meaning of the term "electronically stored information" as used in Federal Rule of Civil Procedure 34.

14.    "PERSON" means any natural person or any legal entity, including, without limitation, any business, or governmental entity or association.

15.    "RELATING TO" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, DISCUSSING, describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

16.    "YOU" and "YOUR" means **Adam Xu**, along with all affiliates, partnerships, agents, representatives, and entities owned in whole or in part.

17.    "WEI ENTITY" means any entity owned in whole or in part, by John Wei, or in which John Wei has or had any interest, including but not limited to the following:

a.    PA Ridge Associates

b.    UIG Construction, LLC

c.    Wei's Property Inc.

d.    Redevelopment Consultants, LLC

e.    Independence Press Building Master Tenant, LLC

f.    Independence Press Building MT Managing Member, LLC

g.    Independence Press Building Management Company

h.    1028 Arch LP

i.    1028 Arch GP, LLC

j.    500 Loft LLC

k.    AJ Fortune LLC

l.    Arch Development LLC

m.    1600 Hunting Park Investment LLC

n.    Hunting Park Investment LLC

o.    AJ Dynasty LLC

p.    AJ Fortune, LLC

q.    AJ Land LLC

3

r.      JP Vision LP

s.      JP Vision Investment, LLP

t.      Spring Garden Marketing & Investment LLC.

u.      1422 North 8th LLC

v.      Lancaster Pride Realty

w.      JM Investment US LP

x.      JM Capital US LP

y.      Grand Resort Hotel LLC

z.      City Hotel Group, Inc.

aa.     448 Lofts, LLC

bb.     IP Lofts LLC

cc.     CC Loft Associates, LLC

dd.     Etown Development LLC

ee.     WWX Realty LLC

ff.     United Development LLC

gg.     UD Realty, LP

hh.     MJ Central Investment LP

ii.     Spring Holding, LLC

jj.     JI Investments, LLC

kk.     JJ Capital US, LLC

ll.     Osage Realty Investment, LLC

mm.     United Associates, LP

nn.     United Investments Group, LP

oo.     JP Vision Investment, LLC

pp.     JD Living USA LLC

qq.     1422 North 8th Street, LLC

rr.     1020-26 Cherry Street Realty, LLC

ss.     1600 West Hunting Park, LLC

tt.     21 Wolf, LLC

uu.     4300 Osage Associates, LLC

vv.     910 Arch Realty, LLC

4

ww.     Brewerytown Investment, L.P.

xx.     Gree HVAC US, LLC

yy.     IP Realty, LLC

zz.     J.W. Property Investment, L.P.

aaa.    JD Living USA, LLC

bbb.    JJ Capital, LLC

ccc.    JM Capital US, LLC

ddd.    JM Investments US, LP

eee.    MX Century Real Estate, LLC

fff.    SA 500 N 10th LP

ggg.    WW Broad Associates

## <u>INSTRUCTIONS</u>

1.      Unless otherwise indicated, these Requests cover any and all DOCUMENTS generated, prepared, created, sent, or received during the period from January 1, 2018 to the present (the "Relevant Time Period"). If a DOCUMENT, data, and/or ESI prepared, created, generated, sent, or received before this period is necessary for a correct or complete understanding of any information or materials covered by a Request, YOU must produce the earlier DOCUMENT, data, and/or ESI as well. If a DOCUMENT, data, or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any Request.

2.      All DOCUMENTS and ESI subject to this subpoena duces tecum should be immediately preserved.

3.      YOU are requested to produce all DOCUMENTS, data, and ESI in YOUR possession, custody, or control that are described below. In doing so, please furnish DOCUMENTS, data, and ESI that are in the possession of YOU and YOUR accountants, agents, attorneys, or representatives, or that are otherwise subject to YOUR custody, care, or control by way of a demand from YOU, or otherwise.

4.      Unless otherwise indicated, the DOCUMENTS, data, and ESI to be produced

5

include all materials generated, prepared, modified, sent, dated, or received, or those that otherwise came into existence at any time during the Relevant Time Period.

5.      In producing DOCUMENTS, data, and ESI, YOU are requested to produce a copy of each original DOCUMENT or ESI together with a copy of all non-identical copies and drafts of that DOCUMENT or ESI. If the original of any DOCUMENT or ESI cannot be located, a copy shall be provided in lieu thereof, and shall be legible and produced in the same manner as the original.

6.      Any alteration of a responsive DOCUMENT, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final DOCUMENT makes the DOCUMENT a separate and distinct DOCUMENT and it must be produced as such.

7.      Before making any DOCUMENT production, YOU shall confer with Plaintiff's counsel concerning the format and location for production.

8.      DOCUMENTS, data, and ESI not otherwise responsive to this subpoena shall be produced if such DOCUMENTS, data, or ESI mention, discuss, refer to, or explain the DOCUMENTS, data, or ESI that are called for by one or more of these subpoena requests.

9.      Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

        a.      Construing the singular form of any word to include the plural and the plural form to include the singular;

        b.      Construing "include," "includes," and "including" to mean "without limitation;"

        c.      Construing the past tense of a verb to include the present tense and the present tense to include the past tense;

        d.      Construing the term "date" to mean the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other

6

events, locations, or matters.

10.    Each DOCUMENT produced must be produced in its entirety (including all attachments, appendices, enclosures, and exhibits, and any copies that are not identical to the original – whether because of notes made on, or attached to, such copy or otherwise) and without deletion or excision, regardless of whether YOU consider the entire DOCUMENT or only parts thereof to be relevant or responsive to these Requests.

11.    If YOU contend that any DOCUMENT or thing cannot be produced in full, produce it to the extent possible, indicating which DOCUMENT or portion of that DOCUMENT is being withheld and the reason it is being withheld. For any DOCUMENT withheld or redacted, in whole or in part, based on a claim of privilege or work product protection, YOU shall comply with Federal Rule of Civil Procedure 45(e)(2). Any purportedly privileged DOCUMENT that also contains non-privileged material must be produced, redacting only the specific content that is purportedly privileged. If YOU file a timely objection to any portion of a Request, Definition, or Instruction, DOCUMENTS responsive to the remaining portion are to be produced.

12.    Each DOCUMENT should be produced in the manner, form, and position in which it is kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the DOCUMENTS.

13.    No part of a Request may be left unanswered, or DOCUMENTS not produced, merely because an objection is interposed as to any other part of a Request. If YOU assert an objection to any Request, YOU must nonetheless respond and produce any responsive DOCUMENTS, data, and ESI that are not subject to the stated objection. If YOU object to part of a Request, YOU must specify the portion of the Request to which YOU object, and must produce DOCUMENTS, data, and ESI responsive to the remaining parts of the Request. All objections to the production of DOCUMENTS requested herein must be made in writing and delivered to counsel of record for Plaintiff. If objection is made to any Request, the response shall state whether

7

DOCUMENTS, data, and/or ESI are being withheld from production on the basis of such objection, and whether production of the responsive DOCUMENTS, data, and ESI will occur notwithstanding such objection. To the extent YOU object to any Request, YOU must provide specific responses (not general objections) as to what portion of the Request YOU object to and state expressly why YOU will not respond to such Request or the specific portion of the Request as to which YOU interpose an objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which YOU intend to rely in response to any motion to compel.

14.     Notwithstanding a claim that a DOCUMENT is protected from disclosure, any DOCUMENT, data, or ESI so withheld must be produced with the portion claimed to be protected and redacted.

15.     If any DOCUMENT, data, or ESI is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, YOU must identify that DOCUMENT, data, or ESI, the reason for its loss, destruction, or unavailability, the name of each PERSON known or reasonably believed by YOU to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the DOCUMENT, data, or ESI.

16.     Unless otherwise stated, construe each Request independently and without reference to any other for the purpose of limitation.

17.     If, in responding to a Request, YOU claim any ambiguity in interpreting either the Request, or an applicable Definition or Instruction, such claim shall not be used as a basis for refusing to respond, but YOU shall set forth as part of YOUR response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

18.     If no DOCUMENT, data, or ESI responsive to a Request exists, please so state.

19.     All DOCUMENTS produced shall contain consecutive Bates numbers. Each

3616373.1

production shall be submitted with a transmittal letter that includes the production volume name, encryption method/software used for that production, and the password needed to access that production.

9

## **REQUESTS FOR PRODUCTION**

1. All contracts, agreements, and other documentation evidencing the relationship between YOU and DEBTOR and/or any entities in which DEBTOR has any interest whatsoever.

2. All contracts, agreements, and other documentation relating to real property located at 1026-1028 Arch Street, Philadelphia, PA 19107.

3. All contracts, agreements, and other documentation between YOU and DEBTOR or any WEI ENTITY relating to the transfer of real property located at 1026-1028 Arch Street, Philadelphia, PA 19107.

4. All COMMUNICATIONS between YOU and DEBTOR or any WEI ENTITY regarding real property located at 1026-1028 Arch Street, Philadelphia, PA 19107.

5. All contracts, agreements, and other documentation between YOU and DEBTOR or any WEI ENTITY relating to any membership or partnership transfers between YOU and DEBTOR or any WEI ENTITY, including, but not limited to a Membership and Partnership Transfer Power Agreement signed on February 25, 2019.

6. All COMMUNICATIONS between YOU and DEBTOR or any WEI ENTITY relating to any membership or partnership transfers between YOU and DEBTOR or any WEI ENTITY.

7. All contracts, agreements, or other documentation between YOU and DEBTOR or any WEI ENTITY relating to Arch Business Services, LLC

8. All documents related to the ownership interest and control of 1026-1028 Arch Street, Philadelphia, PA 19107

9. All documents reflecting the value of 1026-1028 Arch Street, Philadelphia, PA 19107

10. All financial statements, including but not limited to balance sheets, profit and loss statements, income statements, cash flow statements, or personal financial statements of any WEI ENTITY in the possession of or created by YOU.

11. All contracts, agreements, or other documentation between YOU and DEBTOR or any WEI ENTITY relating to Arch Business Services, LLC.

12. All contracts, agreements, deeds, promissory notes, mortgages, mortgage satisfactions, recorded instruments, and any other documentation relating to 1026-1028 Arch Street, Philadelphia, PA 19107

13. All communications between YOU and DEBTOR related to 1026-1028 Arch Street, Philadelphia, PA 19107

3616373.1

14. All documents reflecting the assets or liabilities of DEBTOR or any WEI ENTITY.

15. All documents provided to YOU by DEBTOR or any WEI ENTITY or on their behalf.

16. All documents provided to DEBTOR or any WEI ENTITY by YOU or on YOUR behalf.

17. All documents evidencing the basis for all UCC filings made by YOU against DEBTOR or any WEI ENTITY.

18. All contracts, agreements, and other documentation relating to YOUR ownership interest or pledge in any property owned by DEBTOR or any WEI ENTITY

19. All communications regarding YOUR ownership interest or pledge in any property owned by DEBTOR or any WEI ENTITY.

3616373.1

**KANG HAGGERTY**

**Kyle Garabedian**

215.525.0867
kgarabedian@kanghaggerty.com

June 10, 2024

***Via Hand Delivery***
American Heritage Credit Union
600 Arch Street, Room 1400
Philadelphia, PA 19106

> ***Re:*** ***In re: John Wei f/k/a Wei Xiang Yong, Debtor***
> ***John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St., LLC, and Lijian Ren***
> **Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC**

Dear Sir/Madam:

Enclosed is a Subpoena to Produce Documents in connection with the above referenced matter. Please provide responses to the undersigned at Kang Haggerty LLC, 123 S. Broad St., Suite 1950, Philadelphia, Pennsylvania 19109 by June 26, 2024.

Thank you for your anticipated cooperation.

Sincerely,

*/s/ Kyle Garabedian*
Kyle Garabedian

KG/jlr
Enclosure

**KANG HAGGERTY LLC**
123 South Broad Street, Suite 1950, Philadelphia, PA  19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

3616584.1

KANG HAGGERTY LLC
By:    Edward T. Kang
        Daniel Haggerty
        Kyle Garabedian
        Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| : | |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| : | |
| Debtor. | : |
| | |
| JOHN WEI f/k/a WEI XIANG YONG | : Chapter 11 |
| Plaintiffs | : |
| : | |
| v. | : |
| : | |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |
| : | |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 7026, 7034, 7069, and 9016 of the Federal Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure and any other applicable rules or orders, you are hereby given notice that Plaintiffs, through their undersigned counsel, intend to serve as soon as practicable a subpoena, in the form attached hereto as Exhibit

"A" on non-party **American Heritage Credit Union**, for the production of documents to be produced within twenty-one (21) days of the date of service, or a date otherwise agreed upon by counsel, to the offices of Kang Haggerty, LLC, 123 S. Broad Street, Suite 1950, Philadelphia, PA 19109, or such place as may be agreed upon by counsel.

<div style="text-align:center"><strong>KANG HAGGERTY LLC</strong></div>

By:    <u>*/s/ Kyle Garabedian*</u>
Edward T. Kang
Daniel D. Haggerty
Kyle Garabedian
Gregory H. Mathews
*Attorneys for Plaintiffs*

Dated: June 10, 2024

3616741.1

KANG HAGGERTY LLC
By:     Edward T. Kang
        Daniel Haggerty
        Kyle Garabedian
        Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA-PHILADELPHIA DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 23-13678-AMC |
| JOHN WEI f/k/a WEI XIANG YONG | : | |
| Debtor. | : | |
| | | |
| JOHN WEI f/k/a WEI XIANG YONG | : | Chapter 11 |
| Plaintiffs | : | |
| v. | : | |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : | Adv. Proc. No. 24-00055-AMC |

**<u>CERTIFICATE OF SERVICE</u>**

I, Kyle Garabedian, hereby certify that on June 10, 2024, a true and correct copy of the Notice of Intent to Serve Subpoena of Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren has been served via email upon the following:

Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Counsel for Debtor

**KANG HAGGERTY LLC**

By:    */s/ Kyle Garabedian*
       Edward T. Kang
       Daniel D. Haggerty
       Kyle Garabedian
       Gregory H. Mathews
       *Attorneys for Plaintiffs*

Dated: June 10, 2024

4

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| | |
|---|---|
| Eastern District | District of ___ Pennsylvania |

In re ___ John Wei f/k/a Wei Xiang Yong
_____
Debtor

*(Complete if issued in an adversary proceeding)*

John Wei f/k/a Wei Xiang Yong
_____
Plaintiff

v.

Shin Da Enterprises Inc., 446-50th N. 6th St, LLC, and
Lijian Ren
_____
Defendant

Case No. ___ 23-13678-AMC _____

Chapter ___ 11 _____

Adv. Proc. No. ___ 24-00055-AMC _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___ American Heritage Credit Union _____

*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109 | 6/26/2024 |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___ 6/10/2024 _____

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

Shin Da Enterprises Inc., 446-50 N. 6th St LLC,
and Lijian Ren

*/s/ Kyle Garabedian*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren who issues or requests this subpoena, are:

Kyle Garabedian, Esq., Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109, kgarabedian@kanghaggerty.com, 215-525-5855

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

**EXHIBIT A**

**DEFINITIONS**

1.      "ACTION" means the above-captioned action, *In re: John Wei f/k/a Wei Xiang Yong, Debtor; John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St., LLC, and Lijian Ren,* Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC (United States Bankruptcy Court for the Eastern District of Pennsylvania).

2.       "AGENT" means any other person acting or purporting to act for and/or on behalf of such person including any director, officer, counsel, or employee thereof.

3.      "AGREEMENT" means any actual or perceived meeting of the minds, contract, arrangement, subscription, or understanding, formal or informal, oral or written, direct or indirect, tacit or express, implemented or unimplemented, successful or unsuccessful, between two or more PERSONS (as defined below).

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5.      "And/or," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form, whether oral or written, including by way of electronic means, such as e-mail, text message, SMS, SMTP, instant message, or messages exchanged on messaging applications (e.g., WhatsApp, SMS, iMessage, Skype, Signal, Microsoft Teams, Slack).

7.      "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

8.      "CREDITOR" means Shin Da Enterprises, Inc., 446-50 N. 6th Street, LLC, and Lijian Ren the plaintiff and prevailing party in the underlying action, *Shin Da Enterprises, Inc., 446-50 N. 6th St. LLC, and Lijian Ren v. Wei Xiang Yong a/k/a John Wei, Jian Mei He, UIG*

*Construction, LLC, PA Ridge Associates, Wei's Properties, Inc., Redevelopment Associates, LLC, Ying Nan Gai, G&Y Contractor, Inc.*, Civil Action No. 2:21-cv-03384-CFK (U.S.D.C. E.D.Pa.).

9.      "DEBTOR" means John Wei f/k/a Wei Xiang Yong and/or any entity in which John Wei f/k/a Wei Xiang Yong has an ownership, investment, or other financial interest.

10.      "DISCUSS" and "DISCUSSING" mean in whole or in part constituting, containing, describing, or addressing the designated subject matter, regardless of the length of the treatment or detail of analysis of the subject matter, but not merely referring to the designated subject matter without elaboration. In addition, a document that "discusses" another document includes the other document itself (e.g., a document that "discusses" an agreement or contract includes the agreement or contract itself). Further, these terms include any operating or financial data about the designated subject matter where such data are separately set out as in a chart, listing, table, or graph.

11.      "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents and electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. This term shall encompass COMMUNICATIONS that are also DOCUMENTS.

12.      The terms "all DOCUMENTS" or "each and every DOCUMENT" shall mean any and all documents as above defined known to you, and every such document which can be located or discovered by reasonably diligent efforts, including copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings, or were sent to different individuals than were the originals, or where different for any reason, and all drafts prepared in connection with any writing, whether used or not. Each document shall be produced in its entirety, without abbreviation, redaction or expurgation, including all attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

13.      "ELECTRONICALLY STORED INFORMATION" or "ESI" mean the broadest

2

possible meaning of the term "electronically stored information" as used in Federal Rule of Civil Procedure 34.

14.    "PERSON" means any natural person or any legal entity, including, without limitation, any business, or governmental entity or association.

15.    "RELATING TO" is used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, DISCUSSING, describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

16.     "YOU" and "YOUR" means the **American Heritage Credit Union**, along with all affiliates, partnerships, agents, and representatives.

17.    "WEI ENTITY" means any entity owned in whole or in part, by John Wei, or in which John Wei has or had any interest, including but not limited to the following:

      a.      PA Ridge Associates

      b.      UIG Construction, LLC

      c.      Wei's Property Inc.

      d.      Redevelopment Consultants, LLC

      e.      Independence Press Building Master Tenant, LLC

      f.      Independence Press Building MT Managing Member, LLC

      g.      Independence Press Building Management Company

      h.      1028 Arch LP

      i.      1028 Arch GP, LLC

      j.      500 Loft LLC

      k.      AJ Fortune LLC

      l.      Arch Development LLC

      m.      1600 Hunting Park Investment LLC

      n.      Hunting Park Investment LLC

      o.      AJ Dynasty LLC

      p.      AJ Fortune, LLC

      q.      AJ Land LLC

3

r.      JP Vision LP

s.      JP Vision Investment, LLP

t.      Spring Garden Marketing & Investment LLC.

u.      1422 North 8th LLC

v.      Lancaster Pride Realty

w.      JM Investment US LP

x.      JM Capital US LP

y.      Grand Resort Hotel LLC

z.      City Hotel Group, Inc.

aa.     448 Lofts, LLC

bb.     IP Lofts LLC

cc.     CC Loft Associates, LLC

dd.     Etown Development LLC

ee.     WWX Realty LLC

ff.     United Development LLC

gg.     UD Realty, LP

hh.     MJ Central Investment LP

ii.     Spring Holding, LLC

jj.     JI Investments, LLC

kk.     JJ Capital US, LLC

ll.     Osage Realty Investment, LLC

mm.     United Associates, LP

nn.     United Investments Group, LP

oo.     JP Vision Investment, LLC

pp.     JD Living USA LLC

qq.     1422 North 8th Street, LLC

rr.     1020-26 Cherry Street Realty, LLC

ss.     1600 West Hunting Park, LLC

tt.     21 Wolf, LLC

uu.     4300 Osage Associates, LLC

vv.     910 Arch Realty, LLC

4

| | |
|---|---|
| ww. | Brewerytown Investment, L.P. |
| xx. | Gree HVAC US, LLC |
| yy. | IP Realty, LLC |
| zz. | J.W. Property Investment, L.P. |
| aaa. | JD Living USA, LLC |
| bbb. | JJ Capital, LLC |
| ccc. | JM Capital US, LLC |
| ddd. | JM Investments US, LP |
| eee. | MX Century Real Estate, LLC |
| fff. | SA 500 N 10th LP |
| ggg. | WW Broad Associates |

## **INSTRUCTIONS**

1.      Unless otherwise indicated, these Requests cover any and all DOCUMENTS generated, prepared, created, sent, or received during the period from January 1, 2020 to the present (the "Relevant Time Period"). If a DOCUMENT, data, and/or ESI prepared, created, generated, sent, or received before this period is necessary for a correct or complete understanding of any information or materials covered by a Request, YOU must produce the earlier DOCUMENT, data, and/or ESI as well. If a DOCUMENT, data, or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any Request.

2.      All DOCUMENTS and ESI subject to this subpoena duces tecum should be immediately preserved.

3.      YOU are requested to produce all DOCUMENTS, data, and ESI in YOUR possession, custody, or control that are described below. In doing so, please furnish DOCUMENTS, data, and ESI that are in the possession of YOU and YOUR accountants, agents, attorneys, or representatives, or that are otherwise subject to YOUR custody, care, or control by way of a demand from YOU, or otherwise.

4.      Unless otherwise indicated, the DOCUMENTS, data, and ESI to be produced

5

3616741.1

include all materials generated, prepared, modified, sent, dated, or received, or those that otherwise came into existence at any time during the Relevant Time Period.

5.      In producing DOCUMENTS, data, and ESI, YOU are requested to produce a copy of each original DOCUMENT or ESI together with a copy of all non-identical copies and drafts of that DOCUMENT or ESI. If the original of any DOCUMENT or ESI cannot be located, a copy shall be provided in lieu thereof, and shall be legible and produced in the same manner as the original.

6.      Any alteration of a responsive DOCUMENT, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final DOCUMENT makes the DOCUMENT a separate and distinct DOCUMENT and it must be produced as such.

7.      Before making any DOCUMENT production, YOU shall confer with Plaintiff's counsel concerning the format and location for production.

8.      DOCUMENTS, data, and ESI not otherwise responsive to this subpoena shall be produced if such DOCUMENTS, data, or ESI mention, discuss, refer to, or explain the DOCUMENTS, data, or ESI that are called for by one or more of these subpoena requests.

9.      Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

        a.      Construing the singular form of any word to include the plural and the plural form to include the singular;

        b.      Construing "include," "includes," and "including" to mean "without limitation;"

        c.      Construing the past tense of a verb to include the present tense and the present tense to include the past tense;

        d.      Construing the term "date" to mean the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other

events, locations, or matters.

10.     Each DOCUMENT produced must be produced in its entirety (including all attachments, appendices, enclosures, and exhibits, and any copies that are not identical to the original – whether because of notes made on, or attached to, such copy or otherwise) and without deletion or excision, regardless of whether YOU consider the entire DOCUMENT or only parts thereof to be relevant or responsive to these Requests.

11.     If YOU contend that any DOCUMENT or thing cannot be produced in full, produce it to the extent possible, indicating which DOCUMENT or portion of that DOCUMENT is being withheld and the reason it is being withheld. For any DOCUMENT withheld or redacted, in whole or in part, based on a claim of privilege or work product protection, YOU shall comply with Federal Rule of Civil Procedure 45(e)(2). Any purportedly privileged DOCUMENT that also contains non-privileged material must be produced, redacting only the specific content that is purportedly privileged. If YOU file a timely objection to any portion of a Request, Definition, or Instruction, DOCUMENTS responsive to the remaining portion are to be produced.

12.     Each DOCUMENT should be produced in the manner, form, and position in which it is kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the DOCUMENTS.

13.     No part of a Request may be left unanswered, or DOCUMENTS not produced, merely because an objection is interposed as to any other part of a Request. If YOU assert an objection to any Request, YOU must nonetheless respond and produce any responsive DOCUMENTS, data, and ESI that are not subject to the stated objection. If YOU object to part of a Request, YOU must specify the portion of the Request to which YOU object, and must produce DOCUMENTS, data, and ESI responsive to the remaining parts of the Request. All objections to the production of DOCUMENTS requested herein must be made in writing and delivered to counsel of record for Plaintiff. If objection is made to any Request, the response shall state whether

7

DOCUMENTS, data, and/or ESI are being withheld from production on the basis of such objection, and whether production of the responsive DOCUMENTS, data, and ESI will occur notwithstanding such objection. To the extent YOU object to any Request, YOU must provide specific responses (not general objections) as to what portion of the Request YOU object to and state expressly why YOU will not respond to such Request or the specific portion of the Request as to which YOU interpose an objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which YOU intend to rely in response to any motion to compel.

14.     Notwithstanding a claim that a DOCUMENT is protected from disclosure, any DOCUMENT, data, or ESI so withheld must be produced with the portion claimed to be protected and redacted.

15.     If any DOCUMENT, data, or ESI is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, YOU must identify that DOCUMENT, data, or ESI, the reason for its loss, destruction, or unavailability, the name of each PERSON known or reasonably believed by YOU to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the DOCUMENT, data, or ESI.

16.     Unless otherwise stated, construe each Request independently and without reference to any other for the purpose of limitation.

17.     If, in responding to a Request, YOU claim any ambiguity in interpreting either the Request, or an applicable Definition or Instruction, such claim shall not be used as a basis for refusing to respond, but YOU shall set forth as part of YOUR response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

18.     If no DOCUMENT, data, or ESI responsive to a Request exists, please so state.

19.     All DOCUMENTS produced shall contain consecutive Bates numbers. Each

8

production shall be submitted with a transmittal letter that includes the production volume name, encryption method/software used for that production, and the password needed to access that production.

3616741.1

## <u>REQUESTS FOR PRODUCTION</u>

1. All monthly statements, including check images, of any account held by DEBTOR, Jian Me He a/k/a Mika He, any WEI ENTITY and/or any account on which DEBTOR, Jian Me He a/k/a Mika He, or any WEI ENTITY is or was a signatory.

2. All contracts, agreements, and other documentation evidencing the relationship between YOU and DEBTOR and/or any WEI ENTITY, including but not limited to any loan documents, mortgages, or lines of credit.

3. All account or loan applications and supporting documentation submitted to YOU by DEBTOR and/or any WEI ENTITY.

4. All COMMUNICATIONS between YOU and DEBTOR.

5. All COMMUNICATIONS between YOU and Jian Mei He a/ka Mika He.

6. All financial statements, including but not limited to balance sheets, profit and loss statements, income statements, cash flow statements, or personal financial statements of DEBTOR or any WEI Entity in the possession of or created by YOU.

7. All documents provided to YOU by DEBTOR or any WEI ENTITY or on their behalf.

8. All documents reflecting wire transfers into or out of any account held by DEBTOR, Jian Mei He a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a signatory, including origins and destinations, account numbers, financial institutions, and any other ACH documentation.

9. All documents related to account opening and account closing of any account held by DEBTOR, Jian Mei He a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR, Jian Mei He a/k/a Mika He, or any WEI ENTITY is or was a signatory.

10

## KANG HAGGERTY
**Kyle Garabedian**
215.525.0867
kgarabedian@kanghaggerty.com

June 10, 2024

***Via Hand Delivery***
Asian Bank
1023 Race Street
Philadelphia, PA 19107

> **Re:**   ***In re: John Wei f/k/a Wei Xiang Yong, Debtor***
> ***John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St.,
> LLC, and Lijian Ren***
> **Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC**

Dear Sir/Madam:

Enclosed is a Subpoena to Produce Documents in connection with the above referenced matter. Please provide responses to the undersigned at Kang Haggerty LLC, 123 S. Broad St., Suite 1950, Philadelphia, Pennsylvania 19109 by June 26, 2024.

Thank you for your anticipated cooperation.

Sincerely,

*/s/ Kyle Garabedian*
Kyle Garabedian

KG/jlr
Enclosure

**KANG HAGGERTY LLC**
123 South Broad Street, Suite 1950, Philadelphia, PA  19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

KANG HAGGERTY LLC
By:     Edward T. Kang
        Daniel Haggerty
        Kyle Garabedian
        Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| | : |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| | : |
| Debtor. | : |
| | : |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| | : Chapter 11 |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th | : |
| ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |
| | : |

**<u>NOTICE OF INTENT TO SERVE SUBPOENA</u>**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 7026, 7034, 7069, and 9016 of the Federal

Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure and any other

applicable rules or orders, you are hereby given notice that Plaintiffs, through their undersigned

counsel, intend to serve as soon as practicable a subpoena, in the form attached hereto as Exhibit

"A" on non-party **Asian Bank**, for the production of documents to be produced within twenty-one

(21) days of the date of service, or a date otherwise agreed upon by counsel, to the offices of Kang

Haggerty, LLC, 123 S. Broad Street, Suite 1950, Philadelphia, PA 19109, or such place as may be

agreed upon by counsel.

<div style="margin-left:auto;">

**KANG HAGGERTY LLC**

By:      <u>*/s/ Kyle Garabedian*</u>
         Edward T. Kang
         Daniel D. Haggerty
         Kyle Garabedian
         Gregory H. Mathews
         *Attorneys for Plaintiffs*

</div>

Dated: June 10, 2024

2

KANG HAGGERTY LLC
By:      Edward T. Kang
         Daniel Haggerty
         Kyle Garabedian
         Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Debtor. | : |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Plaintiffs | : Chapter 11 |
| v. | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |

**<u>CERTIFICATE OF SERVICE</u>**

I, Kyle Garabedian, hereby certify that on June 10, 2024, a true and correct copy of the

Notice of Intent to Serve Subpoena of Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian

Ren has been served via email upon the following:

3616743.1

Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Counsel for Debtor

**KANG HAGGERTY LLC**

By:      */s/ Kyle Garabedian*
         Edward T. Kang
         Daniel D. Haggerty
         Kyle Garabedian
         Gregory H. Mathews
         *Attorneys for Plaintiffs*

Dated: June 10, 2024

4

3616743.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Eastern District _____ District of _____Pennsylvania_____

In re    John Wei f/k/a Wei Xiang Yong
_____
Debtor

*(Complete if issued in an adversary proceeding)*

John Wei f/k/a Wei Xiang Yong
_____
Plaintiff

v.

Shin Da Enterprises Inc., 446-50th N. 6th St, LLC, and
Lijian Ren                      Defendant

Case No. ____23-13678-AMC____

Chapter __11_____

Adv. Proc. No. ___24-00055-AMC____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Asian Bank
_____

*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| PLACE        Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109 | DATE AND TIME        6/26/2024 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6/10/2024
_____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren

*/s/ Kyle Garabedian*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren who issues or requests this subpoena, are:

Kyle Garabedian, Esq., Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109, kgarabedian@kanghaggerty.com, 215-525-5855

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                                             *Server's signature*

_____
                                             *Printed name and title*

_____
                                             *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

## EXHIBIT A

## DEFINITIONS

1.      "ACTION" means the above-captioned action, *In re: John Wei f/k/a Wei Xiang Yong, Debtor; John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St., LLC, and Lijian Ren,* Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC (United States Bankruptcy Court for the Eastern District of Pennsylvania).

2.       "AGENT" means any other person acting or purporting to act for and/or on behalf of such person including any director, officer, counsel, or employee thereof.

3.      "AGREEMENT" means any actual or perceived meeting of the minds, contract, arrangement, subscription, or understanding, formal or informal, oral or written, direct or indirect, tacit or express, implemented or unimplemented, successful or unsuccessful, between two or more PERSONS (as defined below).

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5.      "And/or," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form, whether oral or written, includingac by way of electronic means, such as e-mail, text message, SMS, SMTP, instant message, or messages exchanged on messaging applications (e.g., WhatsApp, SMS, iMessage, Skype, Signal, Microsoft Teams, Slack).

7.      "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

8.      "CREDITOR" means Shin Da Enterprises, Inc., 446-50 N. 6th Street, LLC, and Lijian Ren the plaintiff and prevailing party in the underlying action, *Shin Da Enterprises, Inc., 446-50 N. 6th St. LLC, and Lijian Ren v. Wei Xiang Yong a/k/a John Wei, Jian Mei He, UIG*

3616743.1

*Construction, LLC, PA Ridge Associates, Wei's Properties, Inc., Redevelopment Associates, LLC,*
*Ying Nan Gai, G&Y Contractor, Inc.*, Civil Action No. 2:21-cv-03384-CFK (U.S.D.C. E.D.Pa.).

9.    "DEBTOR" means John Wei f/k/a Wei Xiang Yong and/or any entity in which
John Wei f/k/a Wei Xiang Yong has an ownership, investment, or other financial interest.

10.    "DISCUSS" and "DISCUSSING" mean in whole or in part constituting,
containing, describing, or addressing the designated subject matter, regardless of the length of the
treatment or detail of analysis of the subject matter, but not merely referring to the designated
subject matter without elaboration. In addition, a document that "discusses" another document
includes the other document itself (e.g., a document that "discusses" an agreement or contract
includes the agreement or contract itself). Further, these terms include any operating or financial
data about the designated subject matter where such data are separately set out as in a chart, listing,
table, or graph.

11.    "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and
equal in scope to the usage of the term "documents and electronically stored information" in
Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document
within the meaning of this term. This term shall encompass COMMUNICATIONS that are also
DOCUMENTS.

12.    The terms "all DOCUMENTS" or "each and every DOCUMENT" shall mean any
and all documents as above defined known to you, and every such document which can be located
or discovered by reasonably diligent efforts, including copies or duplicates of documents
contemporaneously or subsequently created that have any nonconforming notes or other markings,
or were sent to different individuals than were the originals, or where different for any reason, and
all drafts prepared in connection with any writing, whether used or not. Each document shall be
produced in its entirety, without abbreviation, redaction or expurgation, including all attachments,
appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

13.    "ELECTRONICALLY STORED INFORMATION" or "ESI" mean the broadest

possible meaning of the term "electronically stored information" as used in Federal Rule of Civil Procedure 34.

14.    "GAI" means Ying Nan Gai, defendant in the action *Shin Da Enterprises, Inc., 446-50 N. 6th St. LLC, and Lijian Ren v. Wei Xiang Yong a/k/a John Wei, Jian Mei He, UIG Construction, LLC, PA Ridge Associates, Wei's Properties, Inc., Redevelopment Associates, LLC, Ying Nan Gai, G&Y Contractor, Inc.*, Civil Action No. 2:21-cv-03384-CFK (U.S.D.C. E.D.Pa.)

15.    "G&Y" means G&Y Contractor Inc., defendant in the action *Shin Da Enterprises, Inc., 446-50 N. 6th St. LLC, and Lijian Ren v. Wei Xiang Yong a/k/a John Wei, Jian Mei He, UIG Construction, LLC, PA Ridge Associates, Wei's Properties, Inc., Redevelopment Associates, LLC, Ying Nan Gai, G&Y Contractor, Inc.*, Civil Action No. 2:21-cv-03384-CFK (U.S.D.C. E.D.Pa.).

16.    "PERSON" means any natural person or any legal entity, including, without limitation, any business, or governmental entity or association.

17.    "RELATING TO" is used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, DISCUSSING, describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

18.     "YOU" and "YOUR" means the **Asian Bank,** along with all affiliates, partnerships, agents, and representatives.

19.    "WEI ENTITY" means any entity owned in whole or in part, by John Wei, or in which John Wei has or had any interest, including but not limited to the following:

    a.    PA Ridge Associates

    b.    UIG Construction, LLC

    c.    Wei's Property Inc.

    d.    Redevelopment Consultants, LLC

    e.    Independence Press Building Master Tenant, LLC

    f.    Independence Press Building MT Managing Member, LLC

    g.    Independence Press Building Management Company

    h.    1028 Arch LP

3

i.      1028 Arch GP, LLC

j.      500 Loft LLC

k.      AJ Fortune LLC

l.      Arch Development LLC

m.      1600 Hunting Park Investment LLC

n.      Hunting Park Investment LLC

o.      AJ Dynasty LLC

p.      AJ Fortune, LLC

q.      AJ Land LLC

r.      JP Vision LP

s.      JP Vision Investment, LLP

t.      Spring Garden Marketing & Investment LLC.

u.      1422 North 8th LLC

v.      Lancaster Pride Realty

w.      JM Investment US LP

x.      JM Capital US LP

y.      Grand Resort Hotel LLC

z.      City Hotel Group, Inc.

aa.     448 Lofts, LLC

bb.     IP Lofts LLC

cc.     CC Loft Associates, LLC

dd.     Etown Development LLC

ee.     WWX Realty LLC

ff.     United Development LLC

gg.     UD Realty, LP

hh.     MJ Central Investment LP

ii.     Spring Holding, LLC

jj.     JI Investments, LLC

kk.     JJ Capital US, LLC

ll.     Osage Realty Investment, LLC

mm.     United Associates, LP

4

nn.    United Investments Group, LP

oo.    JP Vision Investment, LLC

pp.    JD Living USA LLC

qq.    1422 North 8th Street, LLC

rr.    1020-26 Cherry Street Realty, LLC

ss.    1600 West Hunting Park, LLC

tt.    21 Wolf, LLC

uu.    4300 Osage Associates, LLC

vv.    910 Arch Realty, LLC

ww.    Brewerytown Investment, L.P.

xx.    Gree HVAC US, LLC

yy.    IP Realty, LLC

zz.    J.W. Property Investment, L.P.

aaa.    JD Living USA, LLC

bbb.    JJ Capital, LLC

ccc.    JM Capital US, LLC

ddd.    JM Investments US, LP

eee.    MX Century Real Estate, LLC

fff.    SA 500 N 10th LP

ggg.    WW Broad Associates

## **INSTRUCTIONS**

1.    Unless otherwise indicated, these Requests cover any and all DOCUMENTS generated, prepared, created, sent, or received during the period from January 1, 2020 to the present (the "Relevant Time Period"). If a DOCUMENT, data, and/or ESI prepared, created, generated, sent, or received before this period is necessary for a correct or complete understanding of any information or materials covered by a Request, YOU must produce the earlier DOCUMENT, data, and/or ESI as well. If a DOCUMENT, data, or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any Request.

5

3616743.1

2.      All DOCUMENTS and ESI subject to this subpoena duces tecum should be immediately preserved.

3.      YOU are requested to produce all DOCUMENTS, data, and ESI in YOUR possession, custody, or control that are described below. In doing so, please furnish DOCUMENTS, data, and ESI that are in the possession of YOU and YOUR accountants, agents, attorneys, or representatives, or that are otherwise subject to YOUR custody, care, or control by way of a demand from YOU, or otherwise.

4.      Unless otherwise indicated, the DOCUMENTS, data, and ESI to be produced include all materials generated, prepared, modified, sent, dated, or received, or those that otherwise came into existence at any time during the Relevant Time Period.

5.      In producing DOCUMENTS, data, and ESI, YOU are requested to produce a copy of each original DOCUMENT or ESI together with a copy of all non-identical copies and drafts of that DOCUMENT or ESI. If the original of any DOCUMENT or ESI cannot be located, a copy shall be provided in lieu thereof, and shall be legible and produced in the same manner as the original.

6.      Any alteration of a responsive DOCUMENT, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final DOCUMENT makes the DOCUMENT a separate and distinct DOCUMENT and it must be produced as such.

7.      Before making any DOCUMENT production, YOU shall confer with Plaintiff's counsel concerning the format and location for production.

8.      DOCUMENTS, data, and ESI not otherwise responsive to this subpoena shall be produced if such DOCUMENTS, data, or ESI mention, discuss, refer to, or explain the DOCUMENTS, data, or ESI that are called for by one or more of these subpoena requests.

9.      Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

6

a.    Construing the singular form of any word to include the plural and the plural form to include the singular;

b.    Construing "include," "includes," and "including" to mean "without limitation;"

c.    Construing the past tense of a verb to include the present tense and the present tense to include the past tense;

d.    Construing the term "date" to mean the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

10.    Each DOCUMENT produced must be produced in its entirety (including all attachments, appendices, enclosures, and exhibits, and any copies that are not identical to the original – whether because of notes made on, or attached to, such copy or otherwise) and without deletion or excision, regardless of whether YOU consider the entire DOCUMENT or only parts thereof to be relevant or responsive to these Requests.

11.    If YOU contend that any DOCUMENT or thing cannot be produced in full, produce it to the extent possible, indicating which DOCUMENT or portion of that DOCUMENT is being withheld and the reason it is being withheld. For any DOCUMENT withheld or redacted, in whole or in part, based on a claim of privilege or work product protection, YOU shall comply with Federal Rule of Civil Procedure 45(e)(2). Any purportedly privileged DOCUMENT that also contains non-privileged material must be produced, redacting only the specific content that is purportedly privileged. If YOU file a timely objection to any portion of a Request, Definition, or Instruction, DOCUMENTS responsive to the remaining portion are to be produced.

12.    Each DOCUMENT should be produced in the manner, form, and position in which it is kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the DOCUMENTS.

7

13.     No part of a Request may be left unanswered, or DOCUMENTS not produced, merely because an objection is interposed as to any other part of a Request. If YOU assert an objection to any Request, YOU must nonetheless respond and produce any responsive DOCUMENTS, data, and ESI that are not subject to the stated objection. If YOU object to part of a Request, YOU must specify the portion of the Request to which YOU object, and must produce DOCUMENTS, data, and ESI responsive to the remaining parts of the Request. All objections to the production of DOCUMENTS requested herein must be made in writing and delivered to counsel of record for Plaintiff. If objection is made to any Request, the response shall state whether DOCUMENTS, data, and/or ESI are being withheld from production on the basis of such objection, and whether production of the responsive DOCUMENTS, data, and ESI will occur notwithstanding such objection. To the extent YOU object to any Request, YOU must provide specific responses (not general objections) as to what portion of the Request YOU object to and state expressly why YOU will not respond to such Request or the specific portion of the Request as to which YOU interpose an objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which YOU intend to rely in response to any motion to compel.

14.     Notwithstanding a claim that a DOCUMENT is protected from disclosure, any DOCUMENT, data, or ESI so withheld must be produced with the portion claimed to be protected and redacted.

15.     If any DOCUMENT, data, or ESI is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, YOU must identify that DOCUMENT, data, or ESI, the reason for its loss, destruction, or unavailability, the name of each PERSON known or reasonably believed by YOU to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the DOCUMENT, data, or ESI.

8

16.      Unless otherwise stated, construe each Request independently and without reference to any other for the purpose of limitation.

17.      If, in responding to a Request, YOU claim any ambiguity in interpreting either the Request, or an applicable Definition or Instruction, such claim shall not be used as a basis for refusing to respond, but YOU shall set forth as part of YOUR response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

18.      If no DOCUMENT, data, or ESI responsive to a Request exists, please so state.

19.      All DOCUMENTS produced shall contain consecutive Bates numbers. Each production shall be submitted with a transmittal letter that includes the production volume name, encryption method/software used for that production, and the password needed to access that production.

9

## REQUESTS FOR PRODUCTION

## REQUESTS FOR PRODUCTION

1. All monthly statements, including check images, of any account held by DEBTOR, Jian Me He a/k/a Mika He, any WEI ENTITY and/or any account on which DEBTOR, Jian Me He a/k/a Mika He, or any WEI ENTITYis or was a signatory.

2. All contracts, agreements, and other documentation evidencing the relationship between YOU and DEBTOR and/or or any WEI ENTITY, including but not limited to any loan documents, mortgages, or lines of credit.

3. All account or loan applications and supporting documentation submitted to YOU by DEBTOR and/or any WEI ENTITY.

4. All COMMUNICATIONS between YOU and DEBTOR.

5. All COMMUNICATIONS between YOU and Jian Mei He a/ka Mika He.

6. All financial statements, including but not limited to balance sheets, profit and loss statements, income statements, cash flow statements, or personal financial statements of DEBTOR or any WEI Entity in the possession of or created by YOU.

7. All documents provided to YOU by DEBTOR or any WEI ENTITY or on their behalf.

8. All documents reflecting wire transfers into or out of any account held by DEBTOR, Jian Mei He a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR is or was a signatory, including origins and destinations, account numbers, financial institutions, and any other ACH documentation.

9. All documents related to account opening and account closing of any account held by DEBTOR, Jian Mei He a/k/a Mika He, any WEI ENTITY, and/or any account on which DEBTOR, Jian Mei He a/k/a Mika He, or any WEI ENTITY is or was a signatory.

10. All DOCUMENTS and COMMUNICATIONS related to any mortgage, loan, or similar transaction between YOU and 500 Lofts, LLC.

11. All DOCUMENTS and COMMUNICATIONS related to any sale of property by, on behalf of, 500 Lofts, LLC, including but limited to any closing documents, documents illustrating the flow of funds from any transaction, appraisal reports, and payoff statements.

12. All DOCUMENTS and COMMUNICATIONS related to any mortgage, loan, or similar transaction between YOU and Hunting Park Investments, LLC.

10

13. All DOCUMENTS and COMMUNICATIONS related to any loan closing, on behalf Hunting Park Investments, LLC, including but limited to any closing documents, documents illustrating the flow of funds from any transaction, appraisal reports, and payoff statements.

14. All DOCUMENTS and COMMUNICATIONS related to any mortgage, loan, or similar transaction between YOU and Spring Garden Marketing and Investments, LLC.

15. All DOCUMENTS and COMMUNICATIONS related to any loan closing, on behalf Spring Garden Marketing and Investments, LLC, including but limited to any closing documents, documents illustrating the flow of funds from any transaction, appraisal reports, and payoff statements.

16. All monthly statements, including check images, of any account held by GAI or G&Y and/or any account on which GAI or G&Y is or was a signatory.

11

3616743.1

# KANG HAGGERTY

**Kyle Garabedian**

215.525.0867
kgarabedian@kanghaggerty.com

June 10, 2024

***Via Hand Delivery***

Bala Real Estate
8 Barn Owl Court
Phoenixville, Pennsylvania 19460

> **Re:     *In re: John Wei f/k/a Wei Xiang Yong, Debtor***
> ***John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St.,***
> ***LLC, and Lijian Ren***
> **Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC**

Dear Sir/Madam:

Enclosed is a Subpoena to Produce Documents in connection with the above referenced matter. Please provide responses to the undersigned at Kang Haggerty LLC, 123 S. Broad St., Suite 1950, Philadelphia, Pennsylvania 19109 by June 26, 2024.

Thank you for your anticipated cooperation.

Sincerely,

*/s/ Kyle Garabedian*
Kyle Garabedian

KG/jlr
Enclosure

**KANG HAGGERTY LLC**
123 South Broad Street, Suite 1950, Philadelphia, PA  19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

KANG HAGGERTY LLC
By:    Edward T. Kang
       Daniel Haggerty
       Kyle Garabedian
       Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Debtor. | : |
| | |
| JOHN WEI f/k/a WEI XIANG YONG | |
| Plaintiffs | : Chapter 11 |
| v. | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rules 7026, 7034, 7069, and 9016 of the Federal

Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure and any other

applicable rules or orders, you are hereby given notice that Plaintiffs, through their undersigned

counsel, intend to serve as soon as practicable a subpoena, in the form attached hereto as Exhibit

"A" on non-party **Bala Real Estate, LLC,** for the production of documents to be produced within twenty-one (21) days of the date of service, or a date otherwise agreed upon by counsel, to the offices of Kang Haggerty, LLC, 123 S. Broad Street, Suite 1950, Philadelphia, PA 19109, or such place as may be agreed upon by counsel.

<div style="text-align:center"><strong>KANG HAGGERTY LLC</strong></div>

By:     _/s/ Kyle Garabedian_
Edward T. Kang
Kyle Garabedian
Gregory H. Mathews
*Attorneys for Plaintiffs*

Dated: June 10, 2024

<div style="text-align:center">2</div>

KANG HAGGERTY LLC
By:    Edward T. Kang
       Daniel Haggerty
       Kyle Garabedian
       Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Debtor. | : |
| | : |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Plaintiffs | : Chapter 11 |
| | : |
| v. | : |
| | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |
| | : |

**<u>CERTIFICATE OF SERVICE</u>**

I, Kyle Garabedian, hereby certify that on June 10, 2024, a true and correct copy of the Notice of Intent to Serve Subpoena of Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren has been served via email upon the following:

Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Counsel for Debtor

**KANG HAGGERTY LLC**

By:      */s/ Kyle Garabedian*
         Edward T. Kang
         Kyle Garabedian
         Gregory H. Mathews
         *Attorneys for Plaintiffs*

Dated: June 10, 2024

4

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District _____    District of    Pennsylvania

In re    John Wei f/k/a Wei Xiang Yong
_____
Debtor

Case No.    23-13678-AMC

*(Complete if issued in an adversary proceeding)*

John Wei f/k/a Wei Xiang Yong
_____
Plaintiff

Chapter    11

v.

Shin Da Enterprises Inc., 446-50th N. 6th St, LLC, and
Lijian Ren
Defendant

Adv. Proc. No.    24-00055-AMC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Bala Real Estate
_____
*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| PLACE    Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109 | DATE AND TIME |
|---|---|
| | 6/26/2024 |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6/10/2024
_____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

Shin Da Enterprises Inc., 446-50 N. 6th St LLC,
and Lijian Ren

*/s/ Kyle Garabedian*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren who issues or requests this subpoena, are:

Kyle Garabedian, Esq., Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109, kgarabedian@kanghaggerty.com, 215-525-5855

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
                                                                                    *Server's signature*

_____
                                                                                    *Printed name and title*

_____
                                                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

3616374.1

## EXHIBIT A

## DEFINITIONS

1.      "ACTION" means the above-captioned action, *In re: John Wei f/k/a Wei Xiang Yong, Debtor; John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St., LLC, and Lijian Ren,* Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC (United States Bankruptcy Court for the Eastern District of Pennsylvania).

2.       "AGENT" means any other person acting or purporting to act for and/or on behalf of such person including any director, officer, counsel, or employee thereof.

3.      "AGREEMENT" means any actual or perceived meeting of the minds, contract, arrangement, subscription, or understanding, formal or informal, oral or written, direct or indirect, tacit or express, implemented or unimplemented, successful or unsuccessful, between two or more PERSONS (as defined below).

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5.      "And/or," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form, whether oral or written, including by way of electronic means, such as e-mail, text message, SMS, SMTP, instant message, or messages exchanged on messaging applications (e.g., WhatsApp, SMS, iMessage, Skype, Signal, Microsoft Teams, Slack).

7.      "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

8.      "CREDITOR" means Shin Da Enterprises, Inc., 446-50 N. 6th Street, LLC, and Lijian Ren the plaintiff and prevailing party in the underlying action, *Shin Da Enterprises, Inc., 446-50 N. 6th St. LLC, and Lijian Ren v. Wei Xiang Yong a/k/a John Wei, Jian Mei He, UIG*

*Construction, LLC, PA Ridge Associates, Wei's Properties, Inc., Redevelopment Associates, LLC, Ying Nan Gai, G&Y Contractor, Inc.*, Civil Action No. 2:21-cv-03384-CFK (U.S.D.C. E.D.Pa.).

9.      "DEBTOR" means John Wei f/k/a Wei Xiang Yong and/or any entity in which John Wei f/k/a Wei Xiang Yong has an ownership, investment, or other financial interest.

10.      "DISCUSS" and "DISCUSSING" mean in whole or in part constituting, containing, describing, or addressing the designated subject matter, regardless of the length of the treatment or detail of analysis of the subject matter, but not merely referring to the designated subject matter without elaboration. In addition, a document that "discusses" another document includes the other document itself (e.g., a document that "discusses" an agreement or contract includes the agreement or contract itself). Further, these terms include any operating or financial data about the designated subject matter where such data are separately set out as in a chart, listing, table, or graph.

11.      "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents and electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. This term shall encompass COMMUNICATIONS that are also DOCUMENTS.

12.      The terms "all DOCUMENTS" or "each and every DOCUMENT" shall mean any and all documents as above defined known to you, and every such document which can be located or discovered by reasonably diligent efforts, including copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings, or were sent to different individuals than were the originals, or where different for any reason, and all drafts prepared in connection with any writing, whether used or not. Each document shall be produced in its entirety, without abbreviation, redaction or expurgation, including all attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

13.      "ELECTRONICALLY STORED INFORMATION" or "ESI" mean the broadest

2

possible meaning of the term "electronically stored information" as used in Federal Rule of Civil Procedure 34.

14.     "PERSON" means any natural person or any legal entity, including, without limitation, any business, or governmental entity or association.

15.     "RELATING TO" is used in the broadest possible sense and means, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, DISCUSSING, describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

16.      "YOU" and "YOUR" means the **Bala Real Estate, LLC**, along with all affiliates, partnerships, agents, representatives, and entities owned in whole or in part.

17.     "WEI ENTITY" means any entity owned in whole or in part, by John Wei, or in which John Wei has or had any interest, including but not limited to the following:

    a.     PA Ridge Associates

    b.     UIG Construction, LLC

    c.     Wei's Property Inc.

    d.     Redevelopment Consultants, LLC

    e.     Independence Press Building Master Tenant, LLC

    f.     Independence Press Building MT Managing Member, LLC

    g.     Independence Press Building Management Company

    h.     1028 Arch LP

    i.     1028 Arch GP, LLC

    j.     500 Loft LLC

    k.     AJ Fortune LLC

    l.     Arch Development LLC

    m.     1600 Hunting Park Investment LLC

    n.     Hunting Park Investment LLC

    o.     AJ Dynasty LLC

    p.     AJ Fortune, LLC

    q.     AJ Land LLC

3

r.      JP Vision LP

s.      JP Vision Investment, LLP

t.      Spring Garden Marketing & Investment LLC.

u.      1422 North 8th LLC

v.      Lancaster Pride Realty

w.      JM Investment US LP

x.      JM Capital US LP

y.      Grand Resort Hotel LLC

z.      City Hotel Group, Inc.

aa.     448 Lofts, LLC

bb.     IP Lofts LLC

cc.     CC Loft Associates, LLC

dd.     Etown Development LLC

ee.     WWX Realty LLC

ff.     United Development LLC

gg.     UD Realty, LP

hh.     MJ Central Investment LP

ii.     Spring Holding, LLC

jj.     JI Investments, LLC

kk.     JJ Capital US, LLC

ll.     Osage Realty Investment, LLC

mm.     United Associates, LP

nn.     United Investments Group, LP

oo.     JP Vision Investment, LLC

pp.     JD Living USA LLC

qq.     1422 North 8th Street, LLC

rr.     1020-26 Cherry Street Realty, LLC

ss.     1600 West Hunting Park, LLC

tt.     21 Wolf, LLC

uu.     4300 Osage Associates, LLC

vv.     910 Arch Realty, LLC

4

ww.   Brewerytown Investment, L.P.

xx.   Gree HVAC US, LLC

yy.   IP Realty, LLC

zz.   J.W. Property Investment, L.P.

aaa.   JD Living USA, LLC

bbb.   JJ Capital, LLC

ccc.   JM Capital US, LLC

ddd.   JM Investments US, LP

eee.   MX Century Real Estate, LLC

fff.   SA 500 N 10th LP

ggg.   WW Broad Associates

## **<u>INSTRUCTIONS</u>**

1.      Unless otherwise indicated, these Requests cover any and all DOCUMENTS generated, prepared, created, sent, or received during the period from January 1, 2018 to the present (the "Relevant Time Period"). If a DOCUMENT, data, and/or ESI prepared, created, generated, sent, or received before this period is necessary for a correct or complete understanding of any information or materials covered by a Request, YOU must produce the earlier DOCUMENT, data, and/or ESI as well. If a DOCUMENT, data, or ESI is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any Request.

2.      All DOCUMENTS and ESI subject to this subpoena duces tecum should be immediately preserved.

3.      YOU are requested to produce all DOCUMENTS, data, and ESI in YOUR possession, custody, or control that are described below. In doing so, please furnish DOCUMENTS, data, and ESI that are in the possession of YOU and YOUR accountants, agents, attorneys, or representatives, or that are otherwise subject to YOUR custody, care, or control by way of a demand from YOU, or otherwise.

4.      Unless otherwise indicated, the DOCUMENTS, data, and ESI to be produced

5

include all materials generated, prepared, modified, sent, dated, or received, or those that otherwise came into existence at any time during the Relevant Time Period.

5.      In producing DOCUMENTS, data, and ESI, YOU are requested to produce a copy of each original DOCUMENT or ESI together with a copy of all non-identical copies and drafts of that DOCUMENT or ESI. If the original of any DOCUMENT or ESI cannot be located, a copy shall be provided in lieu thereof, and shall be legible and produced in the same manner as the original.

6.      Any alteration of a responsive DOCUMENT, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final DOCUMENT makes the DOCUMENT a separate and distinct DOCUMENT and it must be produced as such.

7.      Before making any DOCUMENT production, YOU shall confer with Plaintiff's counsel concerning the format and location for production.

8.      DOCUMENTS, data, and ESI not otherwise responsive to this subpoena shall be produced if such DOCUMENTS, data, or ESI mention, discuss, refer to, or explain the DOCUMENTS, data, or ESI that are called for by one or more of these subpoena requests.

9.      Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

a.      Construing the singular form of any word to include the plural and the plural form to include the singular;

b.      Construing "include," "includes," and "including" to mean "without limitation;"

c.      Construing the past tense of a verb to include the present tense and the present tense to include the past tense;

d.      Construing the term "date" to mean the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other

3616374.1

events, locations, or matters.

10.    Each DOCUMENT produced must be produced in its entirety (including all attachments, appendices, enclosures, and exhibits, and any copies that are not identical to the original – whether because of notes made on, or attached to, such copy or otherwise) and without deletion or excision, regardless of whether YOU consider the entire DOCUMENT or only parts thereof to be relevant or responsive to these Requests.

11.    If YOU contend that any DOCUMENT or thing cannot be produced in full, produce it to the extent possible, indicating which DOCUMENT or portion of that DOCUMENT is being withheld and the reason it is being withheld. For any DOCUMENT withheld or redacted, in whole or in part, based on a claim of privilege or work product protection, YOU shall comply with Federal Rule of Civil Procedure 45(e)(2). Any purportedly privileged DOCUMENT that also contains non-privileged material must be produced, redacting only the specific content that is purportedly privileged. If YOU file a timely objection to any portion of a Request, Definition, or Instruction, DOCUMENTS responsive to the remaining portion are to be produced.

12.    Each DOCUMENT should be produced in the manner, form, and position in which it is kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the DOCUMENTS.

13.    No part of a Request may be left unanswered, or DOCUMENTS not produced, merely because an objection is interposed as to any other part of a Request. If YOU assert an objection to any Request, YOU must nonetheless respond and produce any responsive DOCUMENTS, data, and ESI that are not subject to the stated objection. If YOU object to part of a Request, YOU must specify the portion of the Request to which YOU object, and must produce DOCUMENTS, data, and ESI responsive to the remaining parts of the Request. All objections to the production of DOCUMENTS requested herein must be made in writing and delivered to counsel of record for Plaintiff. If objection is made to any Request, the response shall state whether

7

DOCUMENTS, data, and/or ESI are being withheld from production on the basis of such objection, and whether production of the responsive DOCUMENTS, data, and ESI will occur notwithstanding such objection. To the extent YOU object to any Request, YOU must provide specific responses (not general objections) as to what portion of the Request YOU object to and state expressly why YOU will not respond to such Request or the specific portion of the Request as to which YOU interpose an objection. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which YOU intend to rely in response to any motion to compel.

14.    Notwithstanding a claim that a DOCUMENT is protected from disclosure, any DOCUMENT, data, or ESI so withheld must be produced with the portion claimed to be protected and redacted.

15.    If any DOCUMENT, data, or ESI is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, YOU must identify that DOCUMENT, data, or ESI, the reason for its loss, destruction, or unavailability, the name of each PERSON known or reasonably believed by YOU to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the DOCUMENT, data, or ESI.

16.    Unless otherwise stated, construe each Request independently and without reference to any other for the purpose of limitation.

17.    If, in responding to a Request, YOU claim any ambiguity in interpreting either the Request, or an applicable Definition or Instruction, such claim shall not be used as a basis for refusing to respond, but YOU shall set forth as part of YOUR response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

18.    If no DOCUMENT, data, or ESI responsive to a Request exists, please so state.

19.    All DOCUMENTS produced shall contain consecutive Bates numbers. Each

8

production shall be submitted with a transmittal letter that includes the production volume name, encryption method/software used for that production, and the password needed to access that production.

9

## REQUESTS FOR PRODUCTION

1. All contracts, agreements, and other documentation evidencing the relationship between YOU and DEBTOR and/or any WEI ENTITY.

2. All contracts, agreements, and other documentation relating to real property located at 1026-1028 Arch Street, Philadelphia, PA 19107.

3. All contracts, agreements, and other documentation between YOU and DEBTOR or any WEI ENTITY relating to the transfer of real property located at 1026-1028 Arch Street, Philadelphia, PA 19107.

4. All communications between YOU and DEBTOR or any WEI ENTITY regarding 1028 Arch LP, or any real property located at 1026-1028 Arch Street, Philadelphia, PA 19107.

5. All contracts, agreements, and other documentation between YOU and DEBTOR or any WEI ENTITY relating to any membership or partnership transfers between YOU and DEBTOR or any WEI ENTITY, including, but not limited to a Membership and Partnership Transfer Power Agreement signed on February 25, 2019.

6. All communications between YOU and DEBTOR or any WEI ENTITY relating to any membership or partnership transfers between YOU and DEBTOR or any WEI ENTITY.

7. All contracts, agreements, or other documentation between YOU and DEBTOR or any WEI ENTITY relating to Arch Business Services, LLC

8. All documents related to the ownership interest and control of 1026-1028 Arch Street, Philadelphia, PA 19107

9. All documents reflecting the value of 1026-1028 Arch Street, Philadelphia, PA 19107

10. All bank statements, financial statements, including but not limited to balance sheets, profit and loss statements, income statements, cash flow statements, or personal financial statements of any WEI ENTITY in the possession of or created by YOU, including but not limited to 1028 Arch LP, GP Race LLC, AJ Fortune LLC, and AJ Dynasty LLC.

11. All contracts, agreements, deeds, promissory notes, mortgages, mortgage satisfactions, recorded instruments, and any other documentation relating to 1026-1028 Arch Street, Philadelphia, PA 19107

12. All documents reflecting the assets or liabilities of DEBTOR or any WEI ENTITY.

13. All documents provided to YOU by DEBTOR or any WEI ENTITY or on their behalf.

10

14. All documents provided to DEBTOR or any WEI ENTITY by YOU or on YOUR behalf.

15. All documents evidencing the basis for all UCC filings made by YOU against DEBTOR or any WEI ENTITY

16. All contracts, agreements, and other documentation relating to YOUR ownership interest or pledge in any property owned by DEBTOR or any WEI ENTITY.

17. All communications regarding YOUR ownership interest or pledge in any property owned by DEBTOR or any WEI ENTITY.

3616374.1

# KANG HAGGERTY

**Kyle Garabedian**

215.525.0867
kgarabedian@kanghaggerty.com

June 10, 2024

***Via Hand Delivery***
The Bank of Princeton
921 Arch Street
Philadelphia, PA 19107

       ***Re:***    ***In re: John Wei f/k/a Wei Xiang Yong, Debtor***
             ***John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St.,***
             ***LLC, and Lijian Ren***
             ***Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC***

Dear Sir/Madam:

       Enclosed is a Subpoena to Produce Documents in connection with the above referenced matter. Please provide responses to the undersigned at Kang Haggerty LLC, 123 S. Broad St., Suite 1950, Philadelphia, Pennsylvania 19109 by June 26, 2024.

       Thank you for your anticipated cooperation.

Sincerely,

*/s/ Kyle Garabedian*
Kyle Garabedian

KG/jlr
Enclosure

**KANG HAGGERTY LLC**
123 South Broad Street, Suite 1950, Philadelphia, PA  19109
T: 215.525.5850    F: 215.525.5860    kanghaggerty.com

3617571.1

KANG HAGGERTY LLC
By:    Edward T. Kang
       Daniel Haggerty
       Kyle Garabedian
       Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Debtor. | : |
| JOHN WEI f/k/a WEI XIANG YONG | |
| Plaintiffs | : Chapter 11 |
| v. | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6th ST LLC, and LIJIAN REN | : Adv. Proc. No. 24-00055-AMC |

**NOTICE OF INTENT TO SERVE SUBPOENA**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that pursuant to Rules 7026, 7034, 7069, and 9016 of the Federal

Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure and any other

applicable rules or orders, you are hereby given notice that Plaintiffs, through their undersigned

counsel, intend to serve as soon as practicable a subpoena, in the form attached hereto as Exhibit

"A" on non-party **The Bank of Princeton**, for the production of documents to be produced within twenty-one (21) days of the date of service, or a date otherwise agreed upon by counsel, to the offices of Kang Haggerty, LLC, 123 S. Broad Street, Suite 1950, Philadelphia, PA 19109, or such place as may be agreed upon by counsel.

**KANG HAGGERTY LLC**

By:     _/s/ Kyle Garabedian_
        Edward T. Kang
        Daniel D. Haggerty
        Kyle Garabedian
        Gregory H. Mathews
        *Attorneys for Plaintiffs*

Dated: June 10, 2024

2

KANG HAGGERTY LLC
By:    Edward T. Kang
       Daniel Haggerty
       Kyle Garabedian
       Gregory H. Mathews
Attorney ID Nos. 87823/77894/319122/43534
123 South Broad Street, Suite 1950
Philadelphia, PA 19109
Tele: (215) 525-5850
Fax: (215) 525-5860
ekang@kanghaggerty.com
dhaggerty@kanghaggerty.com
kgarabedian@kanghaggerty.com
gmathews@kanghaggerty.com
*Attorneys for Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA-PHILADELPHIA DIVISION**

| | |
|---|---|
| In re: | Case No. 23-13678-AMC |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Debtor. | : |
| JOHN WEI f/k/a WEI XIANG YONG | : |
| Plaintiffs | :    Chapter 11 |
| v. | : |
| SHIN DA ENTERPRISES INC., 446-50 N. 6ᵗʰ ST LLC, and LIJIAN REN | :    Adv. Proc. No. 24-00055-AMC |

**CERTIFICATE OF SERVICE**

     I, Kyle Garabedian, hereby certify that on June 10, 2024, a true and correct copy of the

Notice of Intent to Serve Subpoena of Shin Da Enterprises Inc., 446-50 N. 6ᵗʰ St LLC, and Lijian

Ren has been served via email upon the following:

Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Counsel for Debtor

**KANG HAGGERTY LLC**

By: */s/ Kyle Garabedian*
  Edward T. Kang
  Daniel D. Haggerty
  Kyle Garabedian
  Gregory H. Mathews
  *Attorneys for Plaintiffs*

Dated: June 10, 2024

4

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District _____ | District of ___ Pennsylvania _____

In re __John Wei f/k/a Wei Xiang Yong_____

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __23-13678-AMC_____

John Wei f/k/a Wei Xiang Yong

Chapter __11_____

Plaintiff

v.

Shin Da Enterprises Inc., 446-50th N. 6th St, LLC, and

Adv. Proc. No. __24-00055-AMC_____

Lijian Ren

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Bank of Princeton_____

*(Name of person to whom the subpoena is directed)*

[x] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| PLACE   Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109 | DATE AND TIME   6/26/2024 |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __6/10/2024_____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

Shin Da Enterprises Inc., 446-50 N. 6th St LLC, and Lijian Ren

*/s/ Kyle Garabedian*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Shin Da Enterprises Inc., 446-50 N. 6th St LLC and Lijian Ren who issues or requests this subpoena, are:

Kyle Garabedian, Esq., Kang Haggerty LLC, 123 S. Broad St, Suite 1950, Philadelphia, PA 19109, kgarabedian@kanghaggerty.com, 215-525-5855

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

EXHIBIT A

**EXHIBIT A**

**DEFINITIONS**

1.      "ACTION" means the above-captioned action, *In re: John Wei f/k/a Wei Xiang Yong, Debtor; John Wei f/k/a Wei Xiang Yong v. Shin Da Enterprises, Inc., 446-50 N. 6th St., LLC, and Lijian Ren,* Docket No. 23-13678-AMC, Adv. Proc. No. 24-00055-AMC (United States Bankruptcy Court for the Eastern District of Pennsylvania).

2.      "AGENT" means any other person acting or purporting to act for and/or on behalf of such person including any director, officer, counsel, or employee thereof.

3.      "AGREEMENT" means any actual or perceived meeting of the minds, contract, arrangement, subscription, or understanding, formal or informal, oral or written, direct or indirect, tacit or express, implemented or unimplemented, successful or unsuccessful, between two or more PERSONS (as defined below).

4.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

5.      "And/or," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form, whether oral or written, including by way of electronic means, such as e-mail, text message, SMS, SMTP, instant message, or messages exchanged on messaging applications (e.g., WhatsApp, SMS, iMessage, Skype, Signal, Microsoft Teams, Slack).

7.      "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

8.      "CREDITOR" means Shin Da Enterprises, Inc., 446-50 N. 6th Street, LLC, and Lijian Ren the plaintiff and prevailing party in the underlying action, *Shin Da Enterprises, Inc., 446-50 N. 6th St. LLC, and Lijian Ren v. Wei Xiang Yong a/k/a John Wei, Jian Mei He, UIG*

*Construction, LLC, PA Ridge Associates, Wei's Properties, Inc., Redevelopment Associates, LLC, Ying Nan Gai, G&Y Contractor, Inc.*, Civil Action No. 2:21-cv-03384-CFK (U.S.D.C. E.D.Pa.).

9.      "DEBTOR" means John Wei f/k/a Wei Xiang Yong and/or any entity in which John Wei f/k/a Wei Xiang Yong has an ownership, investment, or other financial interest.

10.      "DISCUSS" and "DISCUSSING" mean in whole or in part constituting, containing, describing, or addressing the designated subject matter, regardless of the length of the treatment or detail of analysis of the subject matter, but not merely referring to the designated subject matter without elaboration. In addition, a document that "discusses" another document includes the other document itself (e.g., a document that "discusses" an agreement or contract includes the agreement or contract itself). Further, these terms include any operating or financial data about the designated subject matter where such data are separately set out as in a chart, listing, table, or graph.

11.      "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents and electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. This term shall encompass COMMUNICATIONS that are also DOCUMENTS.

12.      The terms "all DOCUMENTS" or "each and every DOCUMENT" shall mean any and all documents as above defined known to you, and every such document which can be located or discovered by reasonably diligent efforts, including copies or duplicates of documents contemporaneously or subsequently created that have any nonconforming notes or other markings, or were sent to different individuals than were the originals, or where different for any reason, and all drafts prepared in connection with any writing, whether used or not. Each document shall be produced in its entirety, without abbreviation, redaction or expurgation, including all attachments, appendices, exhibits, lists, schedules or other matters at any time affixed thereto.

13.      "ELECTRONICALLY STORED INFORMATION" or "ESI" mean the broadest

2